Paul W. Shakespear (14113)
Cameron Cutler (15116)
Natalie Beal (18311)
SNELL & WILMER L.L.P.
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, Utah  84101
Telephone:  801.257.1900
Facsimile:  801.257.1800
Email: pshakespear@swlaw.com
         ccutler@swlaw.com
         nbeal@swlaw.com

Abram I. Moore (*pro hac vice pending*)
Christian A. Zazzali (*pro hac vice pending*)
K&L GATES LLP
70 West Madison St., Suite 3100
Chicago, IL 60602
Telephone: 312.781.6010
Facsimile: 312.827.8000
Email: abe.moore@klgates.com
         christian.zazzali@klgates.com

*Attorneys for Plaintiff Eric Schiermeyer*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| ERIC SCHIERMEYER, Derivatively on Behalf of Nominal Defendant, BLOCKCHAIN GAME PARTNERS, INC. D/B/A Gala Games GAMES,<br><br>Plaintiff,<br><br>vs.<br><br>WRIGHT THURSTON and TRUE NORTH UNITED INVESTMENTS, LLC,<br><br>Defendants,<br><br>BLOCKCHAIN GAME PARTNERS, INC. D/B/A BGP GAMES,<br><br>Nominal Defendant. | **ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER TO FREEZE ASSETS, FOR AN ACCOUNTING, FOR EXPEDITED DISCOVERY, AND FOR AN IMMEDIATE HEARING**<br><br>Case No. 2:23-cv-00589-HCN-DAO<br><br>Judge Howard C. Nielson<br><br>Magistrate Judge Daphne A. Oberg |

Before the Court is a *Motion for an Order to Freeze Assets, for an Accounting, for Expedited Discovery, and an Immediate Hearing* [Dkt. 9] (the "**Motion**") filed by Plaintiff Eric Schiermeyer (the "**Plaintiff**"), on behalf of nominal defendant Blockchain Game Partners, Inc. d/b/a/ Gala Games (the "**Company**").

Having reviewed the Motion and exhibits thereto, as well as the Defendants' opposition, after hearing argument and evidence on the matter, and good cause appearing therefor, the Court finds the following:

1. This court has diversity jurisdiction over the subject matter of this case and personal jurisdiction over the parties;

2. The Court finds good cause to believe that an asset freeze is necessary to preserve the *status quo* and enjoin Defendant Wright Thurston and True North United Investments LLC (together, "**Defendants**") from further dissipating or transferring any of the GALA cryptocurrency that was transferred from the 43 wallets identified below or any proceeds of the transfer, exchange or sale of that GALA (the "**Stolen GALA**").

    a. Plaintiff has demonstrated that the Company will suffer irreparable injury absent an order enjoining further dissipation of the Stolen GALA.

    b. Plaintiff has demonstrated that the threatened injury to Plaintiff outweighs whatever damage the asset freeze may cause Defendants.

    c. Plaintiff has demonstrated that freezing the Stolen GALA is not adverse to the public interest.

    d. Plaintiff has demonstrated that he is likely to succeed on his claims that Thurston breached his fiduciary duty to the Company and that Defendants converted the Stolen GALA from the Company for their own use and benefit and to the detriment of the Company.

3. Plaintiff has demonstrated that he is entitled to the equitable remedy of an accounting.

4.  Plaintiff has demonstrated that good cause exists to discover information from Defendants and third parties on an expedited basis.

**In so finding, the Court hereby orders and grants the following relief:**

1. **Asset Freeze.** Defendants and any person or entity acting in concert with Defendants shall be restrained and enjoined from withdrawing, transferring, or encumbering any assets or funds currently held by, for, or on behalf of Defendants or any person or business entity controlled by or that acts in concert with Defendants, to the extent that those assets or funds are traceable to the Stolen GALA:

    a.  The Stolen GALA consists of any and all GALA cryptocurrency that was transferred out of any of the following 43 wallet addresses at any time, wherever the GALA may be located, as well as any proceeds of any transfers, exchanges or sales of that GALA in any form that those proceeds may take (including other cryptocurrencies, fiat currencies, property or anything else of value):

        0x4ea6e723bc707279a6ece4d883cea9f6f01baba9
        0x0c28e303a42dd44bf75703daa72827a4a88c17c2
        0xecbbfe29fcdc13b47eda2e24f9be73c39be3db73
        0x5aa6e807018e541e8872e71afe0cd7332011b319
        0x2f38bf84ac9c01be63c1e8b71864ba730751c960
        0x4b995183cf5ccb2111775a74abc1ed348938b06f
        0xd2faaa23bf29e1ca36f54728355be5617fb39f56
        0x63599156394cd76108df1e116f7db22f78eb9c02
        0x3833bbe542eba41f5cd33381dfc4ee349bd7195f

0x9584f7512cb58bd06d10424654d7c83421bff3aa

0x30097a1bfd9c96449321d7c8b0452b570a8b143d

0xf48edfa2e476707042f71ee9b061f413223f8376

0x4aa5419166bdf1e6b1196243a8295819b43ee1ed

0xe30a7474de5b88d1a7ed8fe220f1b6775218a556

0x3bf983989f00020944782e39866eafdb707c5597

0xc859c9ec5facea9a442cd0616abeb9cd699ed5ca

0xeea1b3d091099484904180df2d1a2d2a73bbef18

0xf6d78e722b27defc98bc906c9b8434c56091919c

0x25b62d75ff94f46aea7a9097f9b662d267320b25

0x34b2d6ce94e21b213d5c794bfa6122bce402453c

0xebf60bb8d7808eeb2a60ad786fe9c4794919e25b

0x5b5bcc06280ea6c83ab7f82f38df2fe4ba0c0d30

0x1422cea78ac84102dd8e316e472a98296a5a8a8e

0x74c52ca2e118a3edc7be629bcaa3b70966b80e1f

0xb4821a2186e669cfe2a83f0d5c0a986c692d7e31

0x85fc7d7848a01215e0d721837850cce84d428fc2

0x79bef339a8c3f738d24836c851132ea005399bff

0x3e45c7c8d12c75fef41764fed7aa283bcb18e050

0x105103b86969cdd7d9f7da2d1f715e14fd85909e

0x2877d85027ce04f0c95647622774a17eb5eadaaf

0x9894832c85a120b3efdca9e8848f159a1ea49327

        0x912c322895db6ac99ecba4240c097e1d6f33590a

        0x75b9035b4617bc729bf0e19146ec1a508705564d

        0x5dee31992f8cea452a2af7b5778eb3f2939d3b16

        0xb7f682cdddc99d936d93adad1f5df15ec7e10c57

        0x219d95d9a4fdd4358cfd5299f6e9cf5d58615085

        0xe17eb1b39e477da2295220503266cb448e13f79e

        0xcad9256b909271ac14b868c9c7c63bde5c2df162

        0x60950c7afa924137dfee67cbf0ff26edf3e66a7a

        0x2fe33a8550d8d78646d843fbb72c1daef29ed020

        0xf18b80e8c3137c9b9002bb53e3c5e6f3af61cb2e

        0xebe593b4954d08b07bb0adeb1992766fe514a7ec

        0xda64a3d570fa32bcee58794ce92cc79efffe6a28

b. The Stolen GALA includes GALA, ETH, USDC, and USDT tokens that were transferred into 979 wallets on thirteen separate Virtual Asset Service Providers ("VASPs"), as set forth in the Kroll Report attached as Exhibit A to the Motion the ("VASP Wallets"). The VASPS are ordered to freeze the VASP Wallets into which the Stolen GALA was transferred, as follows:

    i. Coinbase is ordered to freeze the 771 wallets set forth on Exhibit 1 to this Order[1];

---

[1] Exhibits 1-13 to this Order will be provided to the Court by Plaintiff in advance of the hearing on the Motion.

ii. Binance is ordered to freeze the 65 wallets set forth on Exhibit 2 to this Order;

iii. Genesis Trading is ordered to freeze the 46 wallets set forth on Exhibit 3 to this Order;

iv. Kucoin is ordered to freeze the 25 wallets set forth on Exhibit 4 to this Order;

v. Gemini is ordered to freeze the 13 wallets set forth on Exhibit 5 to this Order;

vi. BiTrue is ordered to freeze the 12 wallets set forth on Exhibit 6 to this Order;

vii. ChangeNow is ordered to freeze the 11 wallets set forth on Exhibit 7 to this Order;

viii. Kraken is ordered to freeze the 6 wallets set forth on Exhibit 8 to this Order;

ix. Circle is ordered to freeze the 9 wallets set forth on Exhibit 9 to this Order;

x. Swissborg is ordered to freeze the 7 wallets set forth on Exhibit 10 to this Order;

xi. Binance US is ordered to freeze the 10 wallets set forth on Exhibit 11 to this Order;

xii. Crypto.com is ordered to freeze the 3 wallets set forth on Exhibit 12 to this Order; and

      xiii. Bitrefill is ordered to freeze the wallet set forth on Exhibit 13 to this Order.

2. **Accounting.** Within seven (7) days following the date of this Order, Defendants are ordered to submit in writing and serve upon Plaintiff an accounting, sworn on oath, detailing:

   a. Each transfer, payment or exchange of the Stolen GALA and any and all proceeds of the Stolen GALA, including the amount of such transfer, payment or exchange, the date, the wallet ID and/or account numbers involved), the name of each transferor and transferee (including the owner of each wallet or account) involved in each such transfer, payment or exchange, anything of value received in exchange for each such transfer of Stolen GALA or proceeds of Stolen GALA;

   b. In detail, the precise disposition of each transfer, payment or exchange identified in response to paragraph (a) above and all assets derived therefore, including but not limited to:

      i. Any subsequent transfer, exchange or payment of the assets or funds;

      ii. By name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or exchanges described in subsection (a) above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received and the institution and account number or wallet identification in which the funds or other assets are held and the name,

      address, account number and financial institution of the person or entity who provided each with the funds; and

   c. All cryptocurrency wallets and all accounts held at any bank; brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control of Defendants, or in which Defendants have any direct or indirect beneficial interest.

3. **Expedited Discovery.** This Order authorizes expedited discovery under the Federal Rules of Civil Procedure, including Rules 26, 30(a), 33(b), 34(b), 36 and 45.

   a. Plaintiffs are authorized to serve subpoenas upon the VASPs identified above for information relating to the whereabouts of the Stolen GALA and any proceeds therefrom, returnable in 14 days.

   b. Under this provision and prior to any preliminary injunction hearing, Plaintiff may notice Defendants' depositions and serve written discovery on Defendants. Depositions taken under this Order shall not impact the number of depositions Plaintiff may take in regular, non-expedited discovery. Interrogatories issued under this order shall not impact the number of interrogatories the Plaintiff may issue in regular, non-expedited discovery.

DATED: September ___, 2023.

                                              BY THE COURT:

                                              _____
                                              Judge Howard C. Nielson
                                              Magistrate Judge Daphne A. Oberg