Paul W. Shakespear (14113)
Cameron Cutler (15116)
Natalie Beal (18311)
SNELL & WILMER L.L.P.
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, Utah  84101
Telephone:  801.257.1900
Facsimile:  801.257.1800
Email: pshakespear@swlaw.com
         ccutler@swlaw.com
         nbeal@swlaw.com

Abram I. Moore (admitted *pro hac vice*)
Christian A. Zazzali (admitted *pro hac vice*)
K&L GATES LLP
70 West Madison St., Suite 3100
Chicago, IL 60602
Telephone: 312.781.6010
Facsimile: 312.827.8000
Email: abe.moore@klgates.com
         christian.zazzali@klgates.com

*Attorneys for Plaintiff Eric Schiermeyer*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERIC SCHIERMEYER, Derivatively on Behalf of Nominal Defendant, BLOCKCHAIN GAME PARTNERS, INC. D/B/A GALA GAMES,<br><br>Plaintiff,<br><br>vs.<br><br>WRIGHT THURSTON and TRUE NORTH UNITED INVESTMENTS, LLC,<br><br>Defendants,<br><br>and<br><br>BLOCKCHAIN GAME PARTNERS, INC. D/B/A GALA GAMES,<br><br>Nominal Defendant. | **MOTION TO SEAL: EXHIBIT E [ECF NO. 28-5]; EXHIBIT F [ECF NO. 28-6]; EXHIBIT G [ECF NO. 28-7]; AND EXHIBIT H [ECF NO. 28-8] TO THE DECLARATION OF WRIGHT THURSTON IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO FREEZE ASSETS**<br><br>**AND**<br><br>**MOTION TO EXPEDITE DECISION**<br><br>Case No. 2:23-cv-00589-HCN-DAO<br><br>Judge Howard C. Nielson<br><br>Magistrate Judge Daphne A. Oberg |

4873-6177-3183

Pursuant to Federal Rules of Civil Procedure 5.2 and 26 and DUCivR 5-3, Plaintiff Eric Schiermeyer ("Plaintiff"), derivatively and on behalf of Nominal Defendant Blockchain Game Partners, Inc. ("Company"), respectfully moves this Court for an order permanently sealing the following exhibits to the Declaration of Wright Thurston in Support of Defendants' Opposition to Motion to Freeze Assets ("Motion") and requests expedited consideration of its Motion:

- Exhibit E [ECF No. 28-5] ("Company's 2020 Tax Returns");
- Exhibit F [ECF No. 28-6] ("Company's 2021Tax Returns");
- Exhibit G [ECF No. 28-7] ("2021 Valuation of Company"); and
- Exhibit H [ECF No. 28-8] ("2022 Valuation of Company").

The foregoing documents (collectively "Confidential Exhibits") contain the Company's confidential and sensitive financial and other information, warranting their being sealed by the Court immediately and, upon further order of the Court, permanently.

Plaintiff, on behalf of the Company and acting in the best interests of the Company, has narrowly tailored the information to be sealed to only protect against public dissemination of proprietary and confidential information that, if publicly disseminated, will harm the Company. Because of the sensitive nature of the Confidential Exhibits, Plaintiff requests that the Confidential Exhibits be sealed immediately and in perpetuity.

Given that the Confidential Exhibits are already on file and further public dissemination of the sensitive information will continue until the Confidential Exhibits are sealed, there is good cause to consider the Motion to Seal on an expedited basis, particularly because expedited resolution will help reduce the negative consequences occasioned by the public filing of the Confidential Exhibits.

4873-6177-3183

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. SUMMARY

Defendants offered various exhibits in response to Plaintiff's Motion to Freeze. Among those exhibits are the Confidential Exhibits. Unfortunately, Defendants did not consider or simply disregarded the confidential and sensitive nature of the Confidential Exhibits, requiring Plaintiff, on behalf of the Company, to now request that the Court seal the Confidential Exhibits immediately and then permanently once the Court rules on this Motion.

Courts widely and routinely recognize that tax returns and financial information like the Confidential Exhibits, are just the type of information that should be sealed from public view. The public's interest in such information is very low, while the potential harm of public dissemination is high because, among other things, competitors may gain a competitive advantage using information gleaned from such financial records. The Court should do as other courts have in similar situations and seal the Confidential Exhibits.

### II. LEGAL ARGUMENT

Good cause exists here to ensure the confidentiality of the Confidential Exhibits. First, the Company's 2020 Tax Returns and 2021 Tax Returns ("Tax Returns"), pursuant to 26 U.S.C. § 6103(a), are to remain confidential and consist of financial records that are routinely sealed. Second, the 2021 Company Valuation and 2022 Company Valuation ("Valuations") also contain confidential financial information that should be sealed. Sealing these documents is particularly appropriate where the public lacks a legitimate interest in such information and the potential harm of public dissemination is high.

### A. The Court's Inherent Ability to Seal & Good Cause Standard.

The "long recognized [] common-law right of access to judicial records . . . is not absolute." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)(quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). The right of access is limited by the "courts . . . supervisory powers over their own records and files." *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). Accordingly, "[i]t is beyond question" that the court "has discretionary power to control and seal, if necessary, records and files in its possession." *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (citation omitted). The court may exercise its discretion to seal documents when "the public's right of access is outweighed by competing interests." *Id.* (citation and internal quotation marks omitted).

In Utah, a "judge may order that a Document be sealed" upon a showing of "good cause." DUCivR 5-3(a). Good cause to seal a record may be shown by demonstrating that the record may serve as a "source of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *see also* Fed.R.Civ.P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]").

### B. Good Cause Exists to Seal the Confidential Exhibits.

The Tax Returns contain information that Congress has generally concluded should be maintained as confidential. *See* 26 U.S.C. § 6103 (designating tax returns and tax information as confidential). "In general, there is a public policy concern that leans toward limiting disclosure of

tax returns." *Guzman v. Consumer L. Grp., P.A.*, 2015 WL 3827102, at *2 (S.D. Ga. June 19, 2015) (finding that "the public policy concern expressed by Congress in 26 U.S.C. § 6103 outweighs the public's interest in access to" tax return information) (citations omitted); *see also State Farm Mut. Auto. Ins. Co. v. Elite Health Centers, Inc.*, 2018 WL 3649554, at *4 (E.D. Mich. Aug. 1, 2018) ("The Courts finds that disclosure of the tax returns and profit and loss statements could reveal sensitive, private, personally-identifiable information that should not be disclosed to third persons.") (citing *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 301 F.Supp.3d 759, 784 (S.D. Ohio 2018) ("Courts have recognized the strong interest in keeping personal financial records from public view.") (collecting cases); *Furth v. Zanic*, 2008 WL 1130207, at *3 (N.D. Ohio Oct. 15, 2008) (ordering tax returns be kept under seal); *Re: Kare Distrib., Inc. v. Jam Labels & Cards LLC*, 2011 WL 13238500, at *2 (D.N.J. Dec. 19, 2011) (finding that defendants possess a legitimate privacy interest in the highly confidential information in their tax returns that warrants protection from disclosure); *SMD Software, Inc. v. EMove, Inc.*, 2011 WL 3652754, at *3 (E.D.N.C. Aug. 18, 2011) (sealing profit and loss statements because they "contain business information potentially harmful to their competitive standing"). Tax returns contain sensitive financial information, including gross receipts or sales, cost of goods paid by the Company, Company assets, buildings, real estate, and amounts paid for research and development. While the Company's interest in maintaining this information private is high, since competitors might use this information to the Company's competitive disadvantage, the public's legitimate interest in this information is virtually nonexistent. Accordingly, the 2020 Company Tax Returns and the 2021 Company Tax Returns should be sealed.

   The Valuations should also be sealed because they are also private financial information for which the public has no legitimate interest in reviewing. This is particularly so because the

Valuations were prepared in accordance with Internal Revenue Code Section 409A. In addition to being a form of tax return information, the Valuations contain sensitive financial information "that should not be disclosed to third persons." *State Farm Mut. Auto. Ins. Co.*, 2018 WL 3649554, at *4 (citing *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 301 F.Supp.3d 759, 784 (S.D. Ohio 2018) ("Courts have recognized the strong interest in keeping personal financial records from public view.") (collecting cases); *SMD Software, Inc. v. EMove, Inc.*, 2011 WL 3652754, at *3 (E.D.N.C. Aug. 18, 2011) (sealing profit and loss statements because they "contain business information potentially harmful to their competitive standing"). Like the Tax Returns, the Valuations should be sealed permanently.

      **C.**    **Expedited Decision of Motion.**

There exists good cause to consider Plaintiff's Motion on an expedited basis. The Confidential Exhibits are already on file and publicly available. Expedited briefing will reduce the harm to the Company that the public filing of the Confidential Exhibits has already or may cause.

**III.**    **CONCLUSION**

There is good cause for the Court to seal the Confidential Exhibits because the information contained in them is confidential, proprietary, and sensitive financial information, the ongoing public disclosure of which will likely harm the Company's competitive standing in the marketplace. For the foregoing reasons, Plaintiff respectfully requests, on behalf of Company, that the Court grant this Motion to Seal the Confidential Information on an expedited basis. A proposed order is submitted herewith.

Dated: September 13, 2023.

                                                SNELL & WILMER L.L.P.

                                                */s/ Paul W. Shakespear*
                                                Paul W. Shakespear
                                                Cameron Cutler
                                                Natalie Beal

                                                K&L GATES LLP
                                                Abram I. Morre
                                                Christian A. Zazzali

                                                *Attorneys for Plaintiff Eric Schiermeyer*

4873-6177-3183