John W. Huber (Utah Bar No. 7226)
Daniel J. Wadley (Utah Bar No. 10358)
Marc T. Rasich (Utah Bar No. 9279)
Alexander Baker (Utah Bar No. 17163)
**GREENBERG TRAURIG, LLP**
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: (801) 478-6900
Email: _john.huber@gtlaw.com_
Email: _wadleyd@gtlaw.com_
Email: _marc.rasich@gtlaw.com_

*Attorneys for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERIC SCHIERMEYER, Derivatively on Behalf of Nominal Defendant, BLOCKCHAIN GAME PARTNERS, INC. D/B/A GALA GAMES, <br><br> Plaintiff, <br><br> vs. <br><br> WRIGHT W. THURSTON and TRUE NORTH UNITED INVESTMENTS, LLC, <br><br> Defendants, <br><br> and <br><br> BLOCKCHAIN GAME PARTNERS, INC. D/B/A BGP GAMES, <br><br> Nominal Defendant. | **MOTION FOR LEAVE TO FILE SURREPLY BRIEF** <br><br> Case No. 2:23-cv-00589-HCN-DAO <br><br> Judge Howard C. Nielsen <br><br> Magistrate Judge Daphne A. Oberg |

Defendants Wright W. Thurston, True North United Investments, LLC, and Blockchain

Game Partners, Inc. ("Defendants"), by and through counsel, respectfully file this Motion for

Leave to File Surreply Brief (the "Motion"), and request that the Court grant Defendants leave to

file a surreply to Plaintiff's Reply in Support of Motion to Freeze Assets, for an Accounting, and for Expedited Discovery and Memorandum in Support and Request for Immediate Hearing ("Plaintiff's Reply") (Dkt. No. 36), filed by Plaintiff Eric Schiermeyer, derivatively and on behalf of Nominal Defendant Blockchain Game Partners, Inc. ("Plaintiff"). In support hereof, Defendants state as follows:

1.      "Courts should generally allow the nonmoving party to respond to material—whether evidence or argument—that the movant raises for the first time in a reply." *Clancy v. Miller*, 837 F. App'x 630, 634 (10th Cir. 2020); s*ee also Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) (same).

2.      Schiermeyer filed a Motion for Temporary Restraining Order and Memorandum in Support (the "TRO") (Dkt. No. 9) on September 1, 2023. Defendants' deadline to respond to the TRO was on Monday, September 11, 2023. At the very end of the business day, however, as Defendants were preparing to submit their opposition brief, Schiermeyer filed an updated version of the Kroll report, styled as a "Supplemental Exhibit" (Dkt. No. 25.1) (the "Supplemental Report" or the "Report"), leaving Defendants with no time to digest, much less respond to, the additional materials presented before the response needed to be filed.

3.      As memorialized on its cover page, the Supplemental Report in question was authored on September 7, 2023, *four days before Defendants' response was due*, and yet Schiermeyer failed to file the Supplemental Report until Defendant's response window was rapidly drawing to a close. This Report is of no small moment; Schiermeyer relied heavily on this Supplemental Report in the subsequent Reply—and it certainly appears to be among the "substantial additional information" referenced in the brief.  Pl.'s Reply at 4.

4.      In addition, the Reply itself was filed well after the filing deadline, in the middle of the night and early the next morning, and included fourteen pages of argument over the default reply length. *See* DUCivR 7-1(a)(4)(C)(ii). It also included several new declarations and, by Schiermeyer's own admission, "**substantial additional information**" not presented in its moving papers. Pl.'s Reply at 4. Although an overlength brief can be permissible, this extensive length, coupled with the fact that the reply substantially relies on material not assessed or addressed in Defendants' opposition brief, justifies a surreply brief in this case.

5.      In short, given the admittedly "substantial" new material present in reply, as well as the Plaintiff's delay in providing it, Defendants request leave to file a surreply of up to ten pages in length by end of day on Tuesday, September 19, 2023. Nothing in the factual circumstances will change in the interim, and granting such leave is both equitable and warranted.

6.      For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and give leave for Defendants to file a surreply brief. A proposed order is submitted concurrently.

DATED this 14th day of September 2023.

GREENBERG TRAURIG LLP

/s/ *Marc Rasich*
Marc Rasich
John Huber
Daniel Wadley
Alexander Baker

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September 2023, a true and correct copy of the

foregoing was filed with the Court's electronic filing system and thereby served on counsel of

record.

Paul W. Shakespear
Cameron Cutler
Natalie Beal
SNELL & WILMER LLP
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, UT 84101
pshakespear@swlaw.com
ccutler@swlaw.com
nbeal@swlaw.com

Abram L. Moore
Christian A. Zazzali
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602
abe.moore@klgates.com
christian.zazzali@klgates.com


GREENBERG TRAURIG, LLP

*/s/ Lindsey Wharton*