John W. Huber (Utah Bar No. 7226)
Daniel J. Wadley (Utah Bar No. 10358)
Marc T. Rasich (Utah Bar No. 9279)
Alexander Baker (Utah Bar No. 17163)
**GREENBERG TRAURIG, LLP**
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: (801) 478-6900
Email: *john.huber@gtlaw.com*
Email: *wadleyd@gtlaw.com*
Email: *marc.rasich@gtlaw.com*
Email: *bakera@gtlaw.com*

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERIC SCHIERMEYER, Derivatively on Behalf of Nominal Defendant, BLOCKCHAIN GAME PARTNERS, INC. D/B/A GALA GAMES,<br><br>    Plaintiff,<br><br>vs.<br><br>WRIGHT W. THURSTON and TRUE NORTH UNITED INVESTMENTS, LLC,<br><br>    Defendants,<br><br>  and<br><br>BLOCKCHAIN GAME PARTNERS, INC. D/B/A BGP GAMES,<br><br>    Nominal Defendant. | **MOTION TO CONSOLIDATE**<br><br>Case No. 2:23-cv-00589-HCN-DAO<br><br>Judge Howard C. Nielsen<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to Fed. R. Civ. P. 42(a) and Local Rule DUCivR 42-1, Defendants Wright W. Thurston, True North United Investments, LLC, and Blockchain Game Partners, Inc.

(collectively, "True North"), by and through counsel, respectfully move to consolidate the above-captioned case, *Schiermeyer et al. v. Thurston et al.,* Case No. 23-00589 (the "Schiermeyer Case"), with the case *True North et al. v. Schiermeyer et al.,* Case No. 23-00590 (the "True North Case") (collectively, the "Cases"). Eric Schiermeyer, derivatively and on behalf of Nominal Defendant Blockchain Game Partners, Inc. (collectively, "Schiermeyer"), filed the Schiermeyer Case on August 31, 2023. Subsequently that same day, True North filed a derivative suit in the True North Case. The Cases involve the same parties and counsel, and they revolve around the same common issues and facts. Combining the Cases would promote judicial economy and avoid unnecessary cost, and would in no way prejudice any party. Accordingly, consolidation should be summarily granted.[1]

## LEGAL ARGUMENT

The Court may consolidate actions involving "a common question of law or fact." Fed. R. Civ. P. 42(a). Furthermore, Local Rule DUCivR 42-1 provides that a party may seek consolidation of cases if the party believes that the cases "arise from substantially the same transaction or event; involve substantially the same parties or property; involve the same patent, trademark, or copyright; call for determination of substantially the same questions of law; or for any other reason would entail substantial duplication of labor or necessary court costs or delay if heard by different judges." "Consolidation of cases is permitted as a matter of convenience and economy, even though consolidation does not merge separate suits into one cause of action." *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

---

[1] The undersigned counsel contacted counsel for Mr. Schiermeyer and invited a stipulation to this motion.

I.      **The Cases Involve the Same Parties and Share Common Questions of Law and Fact**

The Cases both involve Schiermeyer, Blockchain Game Partners ("BGP"), Thurston, and True North—and courts in the Tenth Circuit have emphasized that such commonality weighs heavily in favor of consolidation. *See XPO Logistics, Inc. v. Peterson,* 2022 WL 1469397, at *3 (D. Utah May 10, 2022) (granting consolidation, in part, because the cases at issue involved identical parties); *Henn v. Fid. Nat'l Title Ins. Co.*, 2013 WL 6662204, at *3 (D. Colo. Dec. 17, 2013) (same); *see also Vesper Constr. Co. v. Rain for Rent, Inc.*, 602 F.2d 238, 239-40 (10th Cir. 1979) (noting that when plaintiff had sued a defendant and that defendant then separately sued the plaintiff stemming from the same events, the district court consolidated the two cases).

The Cases also share crucial questions of fact, concerning issues such as the formation and operation of the Gala platform as a decentralized, peer-to-peer network supported by users of the Gala Blockchain; the permissibility of BGP's founders'/Board members' (*i.e.*, Thurston's and Schiermeyer's) actions relating to corporate decision-making, and of Schiermeyer's conduct as President of BGP; and—perhaps most crucially—whether GALA tokens ("GALA") generated by cryptocurrency-generating "nodes" owned by Thurston and Schiermeyer and stored in joint stockpile wallets belonged either to the two founders individually or to the Company itself.

Naturally, such shared factual issues also invoke common questions of law, with each party asserting that the other did or did not do something that was unlawful according to applicable laws and contractual provisions. For instance, both Cases concern potential breaches of fiduciary duty, corporate waste, unjust enrichment, and removal of directors. Moreover, both Cases question BGP's asset utilization, pursuit of corporate opportunities, implementation of financial controls, and corporate record-keeping.

This is just a sampling, as such inextricably linked questions of law and fact pervade these Cases. Stated plainly, the Cases are two sides of the same coin, and should clearly be consolidated. *See Source Assocs., Inc. v. Int'l Ventures, Inc.,* 1988 U.S. Dist. LEXIS 817, at *3 (D. Kan. Jan. 4, 1988) (consolidating because transactions and contracts in question were "inextricably linked").

## II. Consolidation Will Promote Judicial Economy and Avoid Unnecessary Cost

Judicial economy would be well served by consolidation. Both Cases are currently pending in federal district court in Utah. *See Martenson v. Wells Fargo Bank, N.A.,* 2013 WL 4027534 (D. Utah Aug. 7, 2013) (granting consolidation because, among other reasons, "both cases [were] pending in federal court," and there were substantial common questions of law). However, no district judge has yet been assigned in the True North case, while the Honorable District Judge Howard Nielson has been assigned to the instant case, and has already considered and ruled upon a substantial amount of briefing from the parties in the Cases.

Accordingly, "[c]onsolidating the cases would remove the need for two different courts in the same judiciary to review much of the same facts from the same parties. . . . [Otherwise], the court in the [True North case] would need to coordinate and depend on factual and legal determinations made by the court in the [Schiermeyer case] regarding the authenticity of potentially dispositive evidence." *XPO Logistics*, 2022 WL 1469397, at *3. Such coordination is surely less efficient than a single court ruling on the key issues; and without such coordination, duplicative litigation of the same claims in two different cases would create a substantial risk of producing inconsistent rulings regarding the parties' rights and liabilities.

4

### III. Schiermeyer Will Not Be Prejudiced by Consolidation

Schiermeyer will not be prejudiced by consolidation because the Cases are based on the same events, questions of law, and operative facts, *see XPO Logistics*, 2022 WL 1469397, at *3 (finding that consolidation would not prejudice the nonmoving party because consolidation "will save considerable time and expense by determining dispositive issues within the same action or by litigating a single trial rather than two"), and combining the two cases would in no way hamper his ability to prosecute his claims and defend against those brought by True North. Consolidation would cause no harm and would only redound to the benefit of all involved.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and consolidate the Cases.

DATED this 12th day of October 2023.

>                    GREENBERG TRAURIG LLP
>
>                    /s/ *John Huber*
>                    John Huber
>                    Daniel Wadley
>                    Marc Rasich
>                    Alexander Baker
>
>                    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October 2023, a true and correct copy of the foregoing was filed with the Court's electronic filing system and thereby served on counsel of record.

Paul W. Shakespear
Cameron Cutler
Natalie Beal
SNELL & WILMER LLP
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, UT 84101
pshakespear@swlaw.com
ccutler@swlaw.com
nbeal@swlaw.com

Abram L. Moore
Christian A. Zazzali
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602
abe.moore@klgates.com
christian.zazzali@klgates.com

GREENBERG TRAURIG, LLP

/s/ Lindsey Wharton