David L. Mortensen (#8242)
dmortensen@foley.com
Monica S. Call (11361)
mcall@foley.com
FOLEY & LARDNER LLP
95 S. State Street, Suite 2500
Salt Lake City, UT 84111
Telephone: 801.401.8900

*Attorneys for Blockchain Game Partners, Inc.*
*d/b/a Gala Games and d/b/a BGP Games*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERIC SCHIERMEYER, Derivatively on Behalf of Nominal Defendant, BLOCKCHAIN GAME PARTNERS, INC. D/B/A GALA GAMES, <br><br> Plaintiff, <br><br> vs. <br><br> WRIGHT W. THURSTON and TRUE NORTH UNITED INVESTMENTS, LLC <br><br> Defendants. <br><br> and <br><br> BLOCKCHAIN GAME PARTNERS, INC. D/B/A BGP GAMES, <br><br> Nominal Defendant. | **BLOCKCHAIN GAME PARTNERS, INC.'S MOTION TO DISMISS TO COMPEL ARBITRATION, OR IN THE ALTERNATIVE, TO DISMISS TRUE NORTH'S AMENDED CROSSCLAIM** <br><br> Case No. 2:23-cv-00589-HCN-DAO <br><br> The Honorable Howard C. Nielson, Jr. <br><br> Magistrate Judge Daphne A. Oberg |

4880-9096-1558.9

TRUE NORTH UNITED INVESTMENTS, LLC, Derivatively on Behalf of Nominal Defendant, BLOCKCHAIN GAME PARTNERS, INC. D/B/A GALA GAMES,

        Counterclaimant,

vs.

ERIC SCHIERMEYER,

        Counterdefendant,

and

BLOCKCHAIN GAME PARTNERS, INC. D/B/A BGP GAMES,

        Nominal Counterdefendant.

---

TRUE NORTH UNITED INVESTMENTS, LLC,

        Crossclaim Plaintiff,

vs.

BLOCKCHAIN GAME PARTNERS, INC. D/B/A BGP GAMES,

        Crossclaim Defendant

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................................1

II.    RELEVANT FACTUAL ALLEGATIONS ..........................................................2

    A.     Blockchain Technology ..............................................................................2

    B.     Gala Games ..................................................................................................3

    C.     Gala Nodes Licensed to Schiermeyer and True North. .............................3

    D.     Gala Games and True North Enter into the Terms and Conditions. ...........3

    E.     Suspension of True North's Gala Nodes ....................................................5

III.   LEGAL STANDARD ...........................................................................................6

IV.    ARGUMENT .........................................................................................................7

    A.     The Crossclaims Should Be Stayed and True North Compelled to Arbitrate
        Pursuant to the FAA. ...................................................................................7

        1.   The FAA Requires Enforcement of Arbitration Agreements. ..........7

        2.   True North's Crossclaims Against Gala Games Must Be Arbitrated. .............8

    B.     In the Alternative, True North's Crossclaims Should be Dismissed for Failure to
        State a Claim. ..............................................................................................10

        1.   True North's Claim for Breach of Contract Fails Because Gala Games Is
            Entitled to Take Actions Related to Gala Nodes and GALA Tokens Within Its
            Discretion. ........................................................................................10

        2.   Under California Law, True North's Claim for Breach of Implied Covenant of
            Good Faith and Fair Dealing Cannot Stand. ....................................13

        3.   True North's Claim for Conversion Fails Because It Conflicts with the Rights
            and Obligations Under the Terms and Conditions. ............................14

        4.   Because True North's Substantive Claims Fail, Its Claim for Declaratory
            Judgment Must Also Be Dismissed. .................................................16

        5.   True North's Crossclaims Should Be Dismissed with Prejudice. ...................16

V.     CONCLUSION ....................................................................................................17

# TABLE OF AUTHORITIES

Page(s)

Cases

*Abady v. Lipocine Inc.*, No. 2:19-CV-00906, 2023 WL 2933080 (D. Utah Apr. 13, 2023) ...... 3, 5

*AIG Ret. Servs., Inc. v. Altus* Fin. S.A., No. CV 05-1035-JFW (CWX), 2006 WL 5971775 (C.D. Cal. Mar. 1, 2006)*, rev'd in part on other ground*s, 365 F. App'x 756 (9th Cir. 2010) ............ 11

*American Family Mutual Insurance Company v. Tamko Building Products, Inc.,* 178 F.Supp.3d 1121 (D. Colo. 2016)................................................................................................................ 8

*Anderson v. Herbert*, No. 2:13-CV-211, 2014 WL 6769907 (D. Utah Dec. 1, 2014)................... 7

*Armijo v. Prudential Insurance Co. of America*, 72 F.3d 793 (10th Cir. 1995) ............................ 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................ 7

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) ........................................................ 6, 7

*Baker v. Comcast Corp.,* No. 2:19-CV-00652, 2020 WL 3895411 (D. Utah July 10, 2020)......... 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................................... 6, 7

*Beltran v. AuPairCare*, 907 F.3d 1240 (10th Cir. 2018) ............................................................. 6

*Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141 (10th Cir. 2013)............................................... 3, 5

*Best Rate Towing & Repair, Inc. v. Ziplocal, L.P.,* No. 2:11CV345DAK, 2012 WL 627668 (D. Utah Feb. 24, 2012)................................................................................................................. 14

*Bevis v. Terrace View Partners, LP*, 33 Cal. App. 5th 230 (2019)............................................. 13

*Campbell v. Davidson*, 2023 WY 100 (Wyo. 2023)................................................................... 14

*Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371 (1990) ............. 11

*Carma Devs. (Cal.), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342 (1992)................... 13

*Cenex, Inc. v. Arrow Gas Serv.*, 896 F. Supp. 1574 (D. Wyo. 1995) ........................................... 14

*Dean Witter Reynolds v. Byrd*, 470 U.S. 213 (1985)................................................................... 7

*Deerpoint Grp., Inc. v. Agrigenix, LLC*, 393 F. Supp. 3d 968 (E.D. Cal. 2019) ........................ 13

ii

# TABLE OF AUTHORITIES

Page(s)

*Dumas v. Warner Literary Grp., LLC*, No. 16-CV-00518-RM-NYW, 2016 WL 9344244 (D. Colo. Aug. 8, 2016) ........................................................................................................ 8

*Excel Const., Inc. KHM Eng'g, Inc.*, 2010 WY 34 (Wyo. 2010) ................................... 14

*Global Fitness Holdings, LLC v. Fed. Recovery Acceptance, Inc.*, 127 F. Supp. 3d 1176 (D. Utah 2015) ......................................................................................................... 11

*Global Fitness Holdings, LLC v. Fed. Recovery Acceptance, Inc.*, 127 F. Supp. 3d 1198 (D. Utah 2015) ......................................................................................................... 14

*Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038 .......................................... 12

*Jacobsen v. Deseret Book Co.*, 287 F.3d 936 (10th Cir. 2002) ................................... 3, 5

*Long v. Wells Fargo Bank, N.A.*, 670 F. App'x 670 (10th Cir. 2016) ............................ 16

*Morales v. UBS Bank USA*, No. 2:14-CV-888-JNP-BCW, 2016 WL 3746527 (D. Utah July 8, 2016) ................................................................................................................. 15

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) ..................... 7

*National American Insurance Co. v. SCOR Reinsurance Co.*, 362 F.3d 1288 (10th Cir. 2004) .... 8

*Ngatuvai v. Breckenridge*, 446 F. App'x 129 (10th Cir. 2011) ..................................... 16

*Rohwedder v. Rocky Mountain Pies*, No. 2:20-cv-00034-JNP-CMR, 2021 WL 3684587 (D. Utah July 7, 2021) ........................................................................................................ 16

*Sanchez v. Nitro-Lift Techs., L.L.C.*, 762 F.3d 1139 (10th Cir. 2014) ....................... 6, 9

*Sussman v. Wells Fargo Bank*, N.A., No. 2:16-cv-01094-JNP-PMW, 2017 WL 4216981 (D. Utah Aug. 31, 2017) ....................................................................................................... 15

*Tracy v. Stephens*, No. 1:21-CV-00152-TC-CMR, 2023 WL 6627076 (D. Utah July 21, 2023) 16

*Tretheway v. Furstenau*, 2001 UT App 400, 40 P.3d 649 ............................................. 12

*Turner v. Chipotle Mexican Grill, Inc.*, No. 14-cv-02612, 2018 WL 11314701 (D. Colo. Aug. 3, 2018) ................................................................................................................. 8

iii

# TABLE OF AUTHORITIES

Page(s)

*Young Living Essential Oils, LLC v. Marin,* 2011 UT 64, 266 P.3d 814 .................................... 14

Statutes

9 U.S.C. § 2 ............................................................................................................................. 7

9 U.S.C. § 4 ...................................................................................................................... 1, 6, 8

Rules

Federal Rule of Civil Procedure 12(b)(6) ......................................................... 1, 6, 10

Pursuant to the Federal Arbitration Act ("FAA"), Crossclaim Defendant Blockchain Game Partners, Inc. d/b/a Gala Games ("Gala Games" or the "Company"), moves the Court to dismiss True North United Investments, LLC's ("True North") Crossclaims against Gala Games and compel arbitration. 9 U.S.C. § 4. In the alternative, pursuant to Federal Rule of Civil Procedure 12(b)(6), Gala Games hereby moves this Court for dismissal of Counts IX, X, XI, and XIII of True North's First Amended Crossclaim ("Crossclaims") because True North fails to state a claim against Gala Games for which relief can be granted.

## I.      INTRODUCTION

True North asserts Crossclaims against Gala Games for breach of contract (Count IX), breach of implied covenant of good faith and fair dealing (Count X), conversion (XI), and declaratory judgment (XIII). True North's Crossclaims should be dismissed because those claims must be arbitrated. The Crossclaims are subject to the parties' broad contractual obligation to arbitrate "any dispute, controversy, difference or claim arising out of or relating to" the Terms and Conditions that govern the relationship between Gala Games and the users of its services, like True North. The FAA requires this Court to dismiss this action in favor of arbitration. Indeed, even if there are questions about the arbitrability of True North's claims against Gala Games or how to interpret the arbitration language at issue, an arbitrator must address those questions under the plain language of the arbitration provision itself and controlling Tenth Circuit law. Further, this Court can dismiss True North's Crossclaims against Gala Games from this suit while the original Plaintiff Eric Schiermeyer ("Schiermeyer") and Defendants True North and Wright Thurston ("Thurston") litigate the remaining claims between them; if True North then elects to bring claims against Gala Games, it must do so in arbitration.

In the alternative, if this Court determines that the arbitration provision does not apply—and it plainly does—Gala Games moves this Court for dismissal for failure to state a claim. *First*, True North's breach of contract and breach of implied covenant of good faith and fair dealing claims fail because the Terms and Conditions plainly grant Gala Games' discretion to terminate or suspend any of its services, including the Gala Nodes or GALA tokens, for any reason. *Second*, True North's conversion claim fails because (1) the terms of the parties' agreement provide True North no ownership interest in the Gala Nodes or GALA tokens, and (2) Gala Games' actions were justified. *Finally*, without any substantive claims, True North's request for declaratory judgment fails. Thus, even if this Court declines to compel arbitration, dismissal of the Crossclaims is proper because True North has failed to state any Crossclaims.

## II.     RELEVANT FACTUAL ALLEGATIONS[1]

### A.     Blockchain Technology

A blockchain is a distributed ledger shared among a computer network's nodes, which are linked together in a peer-to-peer network. (Schiermeyer Verified First Am. Compl., Dkt. 14, ¶ 31.) The computer nodes work together to create and maintain a public digital ledger of transactions in a way that makes it difficult or impossible to change, hack, or cheat the system's records. (*Id*.) The nodes of a blockchain check and validate each other by a consensus mechanism before adding a transaction to the distributed ledger. (*Id*. at ¶ 32.) Once the nodes add a "block," or transaction, to the "chain," or ledger, the block cannot be changed. (*Id*.)

---

[1] The following facts are taken from the Complaint and Crossclaim and are assumed true for purposes of this Motion only.

## B.      Gala Games

Gala Games develops and presents a variety of blockchain-based video games. (True North's Answer to First Verified Shareholder Derivative Complaint and First Amended Counterclaims and Crossclaims ("Crossclaim"), Dkt. 75, ¶ 27.) As part of its business, Gala Games sells software and hardware blockchain nodes for the games. (*Id*. at ¶ 17.) Each Gala Node can generate some value in the form of various digital assets each day. (*Id*. at ¶ 67.) A Gala Node is computer software that confirms, verifies, and processes transactions on the blockchain in exchange for "rewards" called "GALA tokens." (*Id*. at ¶ 31.)

## C.      Gala Nodes Licensed to Schiermeyer and True North.

Eric Schiermeyer and Wright Thurston/True North formed Gala Games in January 2019. (*Id* at ¶ 17.) Since Gala Games' inception, Schiermeyer and Thurston have been the only two directors of the Company. (*Id*. at ¶ 22.) Schiermeyer is currently the President of Gala Games. (*Id*. at ¶ 26.)

True North has alleged that at the time Gala Games was formed, Schiermeyer and True North each received 7,000 Gala Nodes. (*Id*. at ¶ 29.)

## D.      Gala Games and True North Enter into the Terms and Conditions.

The use of Gala Nodes is governed by Gala Games' Terms and Conditions. (*Id*. at ¶¶ 30, 131.) The Terms and Conditions are attached hereto as Exhibit A.[2]

---

[2] On a motion to dismiss, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002); *see also Abady v. Lipocine Inc.*, No. 2:19-CV-00906, 2023 WL 2933080, at *1 (D. Utah Apr. 13, 2023) (citing *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013)). Here the Court can consider the Terms and Conditions on a motion to dismiss because they are referred to in the complaint as the basis for the Crossclaims and there is no dispute as to authenticity.

The Terms and Conditions contain an arbitration provision (the "Arbitration Provision") mandating that if the parties cannot agree on mediation, "[a]ny dispute, controversy, difference or claim arising out of or relating to these Terms and Conditions or relating in any way to the User's use of GALA sites or GALA services" be resolved "before a single arbitrator to be held in Salt Lake City, Utah, USA administered by the International Centre for Dispute Resolution in accordance with International Dispute Resolution Rules." (Terms and Conditions § 12.3, Ex. A.) The Arbitration Provision also explicitly requires arbitration for any dispute related to "the existence, validity, interpretation, performance, breach or termination therefore or any dispute regarding the non-contractual obligations arising of or related to the Terms and Conditions. . . ." (*Id*.) The Arbitration Provision is "final and binding on the parties" and entitles the prevailing party to recover the costs and reasonable attorneys' fees for the arbitration." (*Id*.)

The Terms and Conditions also provide, in pertinent part:

- Ownership of a GALA App or Game Node or the use of GALA Services ***does not represent or constitute any ownership right or stake*** … or any right to receive any future revenue or form of participation in or relating to any blockchain or digital reward, including the GALA Blockchain or GALA Reward. (*Id*. § 8.1 (emphasis added).)

- ***GALA may suspend or terminate the User's right to access or use GALA Services immediately and without notice*** if: (i) GALA determines the User's use of the GALA Services poses a security risk to GALA Services or any third party, ***could adversely impact GALA***, GALA Services, GALA Blockchain or any other GALA users, or could subject GALA, its affiliates, or any third party to liability, or could be fraudulent; (ii) the User is in breach of these Terms & Conditions; (iii) the User initiated a chargeback or dispute with respect to any payment or purchase of the GALA Services; (iv) the User has ceased to operate in the ordinary course, made an assignment for the benefit of creditors or similar disposition assets, or become the subject of any bankruptcy, reorganization, liquidation, dissolution or similar proceeding; or (v) ***for any other reason at GALA's discretion***. (*Id*. § 4.1 (emphasis added).)

- Any claim or dispute between the User and GALA arising out of or relating to the User's use of GALA sites, GALA Service, or these Terms & Conditions, in whole or in part, shall

4

be governed by the laws of the State of California, USA without respect to its conflict of laws provisions. (*Id*. § 12.6.)

### E.      Suspension of True North's Gala Nodes

Schiermeyer initiated this action on August 31, 2023, bringing derivative claims against Thurston for breach of fiduciary duties, conversion, fraud, unjust enrichment, equitable accounting, and removal as director. (Schiermeyer's First Am. Compl., Dkt. 14, ¶¶ 139-179.) In an October 4, 2023 letter, Schiermeyer, as President and CEO of Gala Games, informed Thurston that Gala Games was suspending the operation of True North's 7,000 Gala Nodes for the reasons alleged in Schiermeyer's Verified First Amended Complaint. (*Id*. at 68.) Schiermeyer wrote, "[t]his dual suspension avoids any appearance of impartiality, affects both of us in equal measure, is in line with our prior agreement that neither you nor I would operate our Gala Nodes, is beneficial to the Gala Games ecosystem and responds to community concerns." (Schiermeyer Letter, attached as Exhibit B.)[3]

As set forth above, the Company has the discretion to suspend or terminate node licenses "for any [] reason" under the Terms and Conditions, and nothing in the Terms and Conditions requires Board authorization for the Company to take this action. (Terms and Conditions § 4.1.) Moreover, as Schiermeyer stated in the October 4 letter, Gala Games will reactivate Thurston's Gala Nodes "[s]hould it be judicially determined that [he has] not engaged in any of the alleged conduct." (Schiermeyer Letter, Ex. B.)

---

[3] As noted earlier, on a motion to dismiss, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Jacobsen, 287 F.3d at 941; *see also Abady*, 2023 WL 2933080, at *1 (citing *Berneike*, 708 F.3d at 1146). Here, the Court may consider the Schiermeyer Letter because it is referenced in the Crossclaim and no party disputes its authenticity.

True North has asserted crossclaims against Gala Games for breach of the Company's Terms and Conditions (Count IX), breach of the implied covenant of good faith and fair dealing allegedly arising from the Terms and Conditions (Count X), conversion of True North's Gala Nodes and tokens (Count XI), and declaratory judgment related to True North's ownership and operation of the Gala Nodes (Count XIII). (Crossclaim at ¶¶ 137-141).

## III.   LEGAL STANDARD

The FAA enacts a "liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citations omitted). It permits any party "aggrieved by the alleged . . . refusal of another to arbitrate" to petition a district court for an order "directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. When deciding a motion to compel arbitration, "courts must resolve [1] whether the parties are bound by a given arbitration clause and [2] whether an arbitration clause in a concededly binding contract applies to a particular type of controversy." *Beltran v. AuPairCare*, 907 F.3d 1240, 1250 (10th Cir. 2018). If both elements are met, courts must "rigorously enforce arbitration agreements according to their terms," and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Sanchez v. Nitro-Lift Techs., L.L.C.*, 762 F.3d 1139, 1146 (10th Cir. 2014).

In the alternative, should this Court not compel arbitration, Gala Games seeks dismissal for failure to state a claim. To withstand a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must have enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must accept as true all of the factual allegations in a complaint, but not the

6

legal conclusions. *Id.* at 555. "Thus, mere 'labels and conclusions, and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Anderson v. Herbert*, No. 2:13-CV-211, 2014 WL 6769907, at *3 (D. Utah Dec. 1, 2014). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In essence, a plaintiff must offer sufficient factual allegations to raise a right to relief above the speculative level. *Anderson*, 2014 WL 6769907, at *3.

## IV.   ARGUMENT

### A.   The Crossclaims Should Be Stayed and True North Compelled to Arbitrate Pursuant to the FAA.

#### 1.   The FAA Requires Enforcement of Arbitration Agreements.

Under section 2 of the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has interpreted this provision as embodying a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Thus, when interpreting an arbitration clause in a contract, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24–25. "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985).

Section 4 of the FAA allows "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate" to petition the court to compel arbitration. 9 U.S.C. § 4. Courts may dismiss claims and compel arbitration when all claims against the party are subject to arbitration and when a party requests dismissal rather than a stay. *American Family Mutual Insurance Company v. Tamko Building Products, Inc.,* 178 F.Supp.3d 1121, 1129 (D. Colo. 2016) (citing *Armijo v. Prudential Insurance Co. of America*, 72 F.3d 793, 796-97 (10th Cir. 1995)); *Turner v. Chipotle Mexican Grill, Inc.,* No. 14-cv-02612, 2018 WL 11314701 at *6-7 (D. Colo. Aug. 3, 2018) (finding dismissal proper where all claims are arbitrable and the movant sought dismissal instead of a stay). Here, as set forth in more detail below, all claims against Gala Games are subject to the mandatory arbitration provision, and Gala Games seeks dismissal. True North should be compelled to bring its claims in arbitration.

        2.    <u>True North's Crossclaims Against Gala Games Must Be Arbitrated.</u>

True North seeks to enforce certain provisions of the Terms and Conditions but ignores the Arbitration Provision contained in Section 12.3, which requires arbitration on "any dispute" related to the use of Gala Games' services. "An arbitration agreement is enforceable if there exists a valid agreement to arbitrate, and if the dispute falls within the scope of that agreement." *Dumas v. Warner Literary Grp., LLC*, No. 16-CV-00518-RM-NYW, 2016 WL 9344244, at *3 (D. Colo. Aug. 8, 2016) (enforcing arbitration provision) (citing *National American Insurance Co. v. SCOR Reinsurance Co.*, 362 F.3d 1288, 1290 (10th Cir. 2004)). Here, there is no dispute that Truth North and Gala Games are bound by the Terms and Conditions,[4] including the

---

[4] Indeed, True North alleges that the Terms and Conditions govern the use of nodes to generate GALA tokens. (Crossclaim at ¶ 131.)

Arbitration Provision. Thus, the only potential dispute is whether True North's claims fall within the scope of the Arbitration Provision.

The broad, mandatory Arbitration Provision in this case requires (after optional mediation) that "[*a*]*ny* dispute controversy, difference or claim arising out of or relating to these Terms and Conditions or relating in ***any way*** to the User's use of GALA sites or GALA services" "shall be referred to and finally resolved by arbitration before a single arbitrator to be held in Salt Lake City, Utah, USA administered by the International Centre for Dispute Resolution in accordance with International Dispute Resolution Rules." (Terms and Conditions § 12.3, Ex. A (emphasis added).) The Arbitration Provision also explicitly requires arbitration for any dispute related to "the existence, validity, interpretation, performance, breach or termination therefore or any dispute regarding the non-contractual obligations arising of or related to the Terms and Conditions. . . ." (*Id*.)

Here, all True North's claims against Gala Games are within the scope of the Arbitration Provision. *First*, True North's claims for breach of the Terms and Conditions and breach of the implied covenant of good faith and fair dealing for the Terms and Conditions fall squarely within the Arbitration Provision because both claims arise out of and relate to the Terms and Conditions, breach or termination of the Terms and Conditions, and performance under the Terms and Conditions. Moreover, both claims relate to the use of Gala Games' services. Where "the plain terms of the [arbitration] agreement thus cover the claims for breach of contract," courts will " 'rigorously enforce' the arbitration clause 'according to [its] terms.'" *Baker v. Comcast Corp.,* No. 2:19-CV-00652, 2020 WL 3895411, at *3 (D. Utah July 10, 2020) ((quoting *Sanchez v. Nitro-Lift Techs., L.L.C*., 762 F.3d 1139, 1145 (10th Cir. 2014)).

*Second*, True North's claim for conversion of its Gala Nodes and GALA tokens is also subject to the Arbitration Provision. The Terms and Conditions govern the user's "utilization of the website or applications, GALA Blockchain and any products, features and services provided thereon." (Terms and Conditions at preamble, Ex. A.) The Arbitration Provision defines dispute broadly to include "any dispute" which includes both contract and non-contract claims that relate to Gala Games' services. (*Id*. § 12.3.) True North's conversion claim is subject to the Arbitration Provision because it is a dispute that relates to the Terms and Conditions, Gala Games' services, and "non-contractual obligations arising of or related to the Terms and Conditions." (*Id*.)

*Finally*, the claim for declaratory relief (to the extent it is a separate claim) seeks to interpret the rights and obligations of the parties under the Terms and Conditions, including the ownership and use of Gala nodes and rewards. This claim, like all claims True North brings against Gala Games, is plainly within the scope of the Arbitration Provision. This Court should dismiss the Crossclaims and compel True North to pursue its claims against Gala Games in arbitration.

**B.      In the Alternative, True North's Crossclaims Should be Dismissed for Failure to State a Claim.**

Alternatively, if this Court disagrees that True North should be compelled to arbitrate its Crossclaims, True North's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, and declaratory judgment should be dismissed under Rule 12(b)(6) for failure to state a claim.

1.      <u>True North's Claim for Breach of Contract Fails Because Gala Games Is Entitled to Take Actions Related to Gala Nodes and GALA Tokens Within Its Discretion.</u>

True North claims that Gala Games breached the Terms and Conditions by "burning

billions of GALA tokens . . . and unilaterally shutting off and effectively stealing True North's nodes." (Crossclaim at ¶ 134). Even if this Court disagrees that this claim must be arbitrated, it fails because burning of the GALA tokens and shutting off the nodes are within Gala Games' bargained-for rights under the Terms and Conditions.

True North agrees that the Terms and Conditions constitute a valid and binding contract between True North and Gala Games and govern the use of Gala Nodes and GALA tokens. (Crossclaim at ¶¶ 30, 131.) The Terms and Conditions require application of California law. (Terms and Conditions § 12.6, Ex. A.) "A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990). True North fails to properly allege a breach of contract because (1) Gala Games' actions were consistent with the terms of the parties' agreement, and (2) True North's claimed application of the Terms and Conditions is inconsistent with contract interpretation principles.

*First*, California law (and Utah law) are clear that there cannot be a breach of contract when a party exercises the contractual rights each party bargained for. *AIG Ret. Servs., Inc. v. Altus Fin. S.A.*, No. CV 05-1035-JFW (CWX), 2006 WL 5971775, at *5 (C.D. Cal. Mar. 1, 2006), *rev'd in part on other grounds*, 365 F. App'x 756 (9th Cir. 2010) (a defendant cannot "be liable for breach of the express terms of the Agreement, when their conduct was specifically sanctioned by the Agreement."); *Global Fitness Holdings, LLC v. Fed. Recovery Acceptance, Inc.*, 127 F. Supp. 3d 1176, 1196 (D. Utah 2015) ("it goes without saying that where a party to a contract takes action consistent with the contract, there is no breach" (citation omitted)). Here, Section 4.1 of the Terms

11

and Conditions states that the Company "may suspend or terminate the User's right to access or use Gala Services immediately and without notice . . . (v) for any other reason at GALA's discretion." (Terms and Conditions, Ex. A.) True North accuses Gala Games of actions that are directly in line with its rights under the Terms and Conditions. These actions cannot, and do not, support a breach of contract claim.

*Second*, basic contract interpretation principles require courts to construe a contract as a whole, "so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other" to ensure "all of the writing and every word of it will, if possible, be given effect." *Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1042 (9th Cir. 2020 (applying California law); *Tretheway v. Furstenau*, 2001 UT App 400, ¶ 9, 40 P.3d 649 (noting that Utah contract law requires the court to "construe the contract so as to harmonize and give effect to all of [its] provisions" (citation omitted)).

True North's breach of contract claim centers on its alleged rights to use Gala Games' services and earn rewards under the Terms and Conditions yet ignores Gala Games' right to take action within its discretion. Section 4.1 of the Terms and Conditions sets forth various grounds for suspension or termination of a user's rights and then ends with a catch-all provision permitting Gala Games to deny access to its services "for any other reason at GALA's discretion." (Terms and Conditions, Ex. A.) True North's breach of contract claim reads out that section entirely. True North's proposed reading would nullify Section 4.1(v), a result at odds with contract interpretation under the appliable laws. Because the parties' agreement allowed Gala Games to take the actions it did, True North has no basis for its breach of contract claim.

2.  Under California Law, True North's Claim for Breach of Implied
    Covenant of Good Faith and Fair Dealing Cannot Stand.

After Gala Games filed its opposition to True North's motion for temporary restraining

order, True North amended its counterclaim to add a claim for breach of the implied covenant of

good faith and fair dealing, alleging that "[u]nder Wyoming law, in every commercial contract

there is an implied covenant of good faith and fair dealing[.]"  (Crossclaim at ¶¶ 137-141.) This

claim also fails.

Contrary to True North's pleading, the Terms and Conditions are governed by California

law. (Terms and Conditions at § 12.6, Ex. A.) Under California law, it is well settled that "an

implied covenant of good faith and fair dealing cannot contradict the express terms of a

contract." *Bevis v. Terrace View Partners, LP*, 33 Cal. App. 5th 230, 252 (2019); *see also Carma*

*Devs. (Cal.), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 374 (1992) ("as to acts and

conduct authorized by the express provisions of the contract, no covenant of good faith and fair

dealing can be implied which forbids such acts and conduct" (citation omitted)); *Deerpoint Grp.,*

*Inc. v. Agrigenix, LLC*, 393 F. Supp. 3d 968, 983 (E.D. Cal. 2019) ("The covenant of good faith

will not alter a party's specific and express obligations under a contract.").

The outcome True North proposes through its implied covenant claim contradicts the

parties' agreement. The Terms and Conditions are clear: Gala Games can suspend or terminate a

user's right to access or use Gala services for *"any [] reason* at GALA's discretion." (Terms and

Conditions § 4.1(emphasis added).) True North's attempt to use the implied covenant to contradict

13

this express term cannot and does not stand under California law.[5] The implied covenant claim must be dismissed.

> ### 3.     True North's Claim for Conversion Fails Because It Conflicts with the Rights and Obligations Under the Terms and Conditions.

True North claims Gala Games "converted" GALA tokens by replacing all v1 tokens with v2 tokens. (Crossclaim at ¶ 143.) This claim fails for at least four reasons.

*First*, True North has no ownership interest in Gala Nodes or GALA tokens. To establish a claim for conversion, True North must establish, among other things, that it had possession of the property and that Gala Games exercised dominion over the property in a manner that denied True North its rights to use and enjoy the property. *Campbell v. Davidson*, 2023 WY 100, ¶ 33 (Wyo. 2023). The Terms and Conditions state that even True North's "[o]wnership" of Gala Nodes "does not represent or constitute any ownership right or stake . . . or any right to receive any future revenue or form of participation in or relating to any blockchain or digital reward, including the GALA Blockchain or GALA Reward." (Terms and Conditions § 8.1, Ex. A.) Given the Terms and Conditions, True North has no ownership claim for the GALA tokens.

*Second*, "a conversion claim cannot be brought where the property right alleged to have been converted arises entirely from the [plaintiff's] contractual rights." *Global Fitness Holdings,*

---

[5] Even if Utah or Wyoming law were to apply, True North's claim would still fall short. "It is settled law that the covenant of good faith and fair dealing cannot circumvent the plain language of the agreement." *Best Rate Towing & Repair, Inc. v. Ziplocal, L.P.*, No. 2:11CV345DAK, 2012 WL 627668, at *2–5 (D. Utah Feb. 24, 2012) (unpublished); *Young Living Essential Oils, LLC v. Marin*, 2011 UT 64, ¶ 10, 266 P.3d 814 ("Where the parties themselves have agreed to terms that address the circumstance that gave rise to their dispute, . . . the court has no business injecting its own sense of what amounts to 'fair dealing.'"); *Cenex, Inc. v. Arrow Gas Serv.*, 896 F. Supp. 1574, 1582 (D. Wyo. 1995) (holding that a "fundamental limitation of the implied covenant is that it cannot create duties that supersede express provisions of written contracts."). The claim should be dismissed.

*LLC v. Fed. Recovery Acceptance, Inc.*, 127 F. Supp. 3d 1198, 1207 (D. Utah 2015); *Excel Const., Inc. KHM Eng'g, Inc*., 2010 WY 34, ¶ 31 (Wyo. 2010). Here, True North's purported property interest in the nodes and tokens arises solely from the Gala Games' Terms and Conditions. True North cannot dress up its breach of contract claim as a conversion claim, especially where the contract itself limits claims for ownership.

       *Third*, Gala Games' actions were justified under the plain terms of the parties' agreement. A conversion claim fails as a matter of law when a Defendant acts with lawful justification. *Sussman v. Wells Fargo Bank*, N.A., No. 2:16-cv-01094-JNP-PMW, 2017 WL 4216981, at *4 (D. Utah Aug. 31, 2017); *see also Morales v. UBS Bank USA*, No. 2:14-CV-888-JNP-BCW, 2016 WL 3746527, at *8 (D. Utah July 8, 2016) ("Plaintiffs are precluded from stating a claim upon which relief can be granted for their conversion claim" when they consented to Defendant's actions by the contract at issue). Upgrading, replacing, and even burning GALA tokens are all acts well within Gala Games' contractual rights. Section 4.1 of the Terms and Conditions states that "BGP may suspend or terminate the User's right to access or use Gala Services immediately and without notice . . . (v) for any other reason at GALA's discretion." (Terms and Conditions, Ex. A.) Simply put, True North cannot claim conversion when Gala Games' actions were within its rights under the Terms and Conditions.

       *Finally*, True North's conversion claim fails to plainly allege that Gala Games has deprived it of its use or enjoyment of its GALA v1 tokens nor that it is entitled to any of the GALA v2 that were issued to others. Without a clear right to the property and no allegation that it was actually deprived of any use or enjoyment, True North's conversion claim fails.

4880-9096-1558.9

4.     Because True North's Substantive Claims Fail, Its Claim for Declaratory
       Judgment Must Also Be Dismissed.

True North's thirteenth claim, Declaratory Judgment, cannot stand without a substantive

claim. "When substantive claims have failed, a request for declaratory relief in relation to those

claims is not viable." *Tracy v. Stephens*, No. 1:21-CV-00152-TC-CMR, 2023 WL 6627076, at *6

(D. Utah July 21, 2023) (citing *Long v. Wells Fargo Bank, N.A.*, 670 F. App'x 670, 671–72 (10th

Cir. 2016)). As True North's substantive claims should be dismissed, its request for declaratory

relief must be dismissed as well.

5.     True North's Crossclaims Should Be Dismissed with Prejudice.

True North's Crossclaims should be dismissed with prejudice, as True North has already

amended its crossclaim, and further amendments would prove futile. The Tenth Circuit has upheld

dismissals with prejudice for failure to cure pleading deficiencies on the grounds of futility of

amendment. *Rohwedder v. Rocky Mountain Pies*, No. 2:20-cv-00034-JNP-CMR, 2021 WL

3684587, at *3 (D. Utah July 7, 2021) (dismissing an amended complaint with prejudice); *see also*

*Ngatuvai v. Breckenridge*, 446 F. App'x 129, 130 (10th Cir. 2011) (concluding that "dismissal with

prejudice was appropriate because [the plaintiff] had been afforded ample opportunity to cure the

deficiencies in his ... complaint"). True North's claims in this case all stem from the Terms and

Conditions, but Gala Games' alleged conduct is well-within the discretion afforded to it under

them. Moreover, the application of California law, as required by the terms of the agreement,

means repleading cannot save True North's breach of implied covenant claim. As any additional

amendments would be futile, dismissal with prejudice is appropriate.

16

## V.     CONCLUSION

For the foregoing reasons, Gala Games respectfully requests that the Court enter an Order dismissing the Crossclaims against Gala Games and compelling True North to arbitrate its claims pursuant to the Arbitration Provision in the Terms and Conditions. In the alternative, Gala Games requests that this Court dismiss with prejudice True North's Counts IX, X, XI, and XIII against Gala Games for failure to state a claim and grant Gala Games such further relief the Court deems just and appropriate.

DATED this 20th day of December, 2023

                                   FOLEY & LARDNER LLP

                                   /s/ *Monia S. Call*
                                   David L. Mortensen
                                   Monica S. Call
                                   FOLEY & LARDNER LLP
                                   95 S. State Street, Suite 2500
                                   Salt Lake City, UT 84111
                                   Tel. (801) 401-8919
                                   Email:  dmortensen@foley.com
                                           mcall@foley.com

                                   *Attorneys for Blockchain Game Partners, Inc.*
                                   *d/b/a Gala Games and d/b/a BGP Games*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 20, 2023, a true and correct copy of the foregoing **BLOCKCHAIN GAME PARTNERS, INC.'S MOTION TO DISMISS TO COMPEL ARBITRATION, OR IN THE ALTERNATIVE, TO DISMISS TRUE NORTH'S AMENDED CROSSCLAIM** was served through the court's e-filing system which caused notice of filing to be sent to all counsel of record.

*/s/ Stacy Kamaya* _____

4880-9096-1558.9