Paul W. Shakespear (14113)
Cameron Cutler (15116)
Natalie Beal (18311)
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah  84101
Telephone:  801.257.1900
Facsimile:  801.257.1800
Email: pshakespear@swlaw.com
         ccutler@swlaw.com
         nbeal@swlaw.com

Abram I. Moore (admitted *pro hac vice*)
Christian A. Zazzali (admitted *pro hac vice*)
K&L GATES LLP
70 West Madison St., Suite 3100
Chicago, IL 60602
Telephone: 312.781.6010
Facsimile: 312.827.8000
Email:   abe.moore@klgates.com
         christian.zazzali@klgates.com

*Attorneys for Plaintiff Eric Schiermeyer*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| ERIC SCHIERMEYER, Derivatively on Behalf of Nominal Defendant, BLOCKCHAIN GAME PARTNERS, INC. D/B/A GALA GAMES,<br><br>Plaintiff,<br><br>vs.<br><br>WRIGHT W. THURSTON and TRUE NORTH UNITED INVESTMENTS, LLC<br><br>Defendants.<br><br>and<br><br>BLOCKCHAIN GAME PARTNERS, INC. D/B/A BGP GAMES,<br><br>Nominal Defendant. | **ATTORNEY PLANNING MEETING REPORT**<br><br>Case No. 2:23-cv-00589-HCN-DAO<br><br>The Honorable Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

1

| | |
|---|---|
| TRUE NORTH UNITED INVESTMENTS, LLC, Derivatively on Behalf of Nominal Defendant, BLOCKCHAIN GAME PARTNERS, INC. D/B/A GALA GAMES,<br><br>        Counterclaimant,<br><br>  vs.<br><br>ERIC SCHIERMEYER,<br><br>        Counterdefendant,<br><br>  and<br><br>BLOCKCHAIN GAME PARTNERS, INC. D/B/A BGP GAMES,<br><br>        Nominal Counterdefendant. | |
| TRUE NORTH UNITED INVESTMENTS, LLC,<br><br>        Crossclaim Plaintiff,<br><br>  vs.<br><br>BLOCKCHAIN GAME PARTNERS, INC. D/B/A BGP GAMES,<br><br>        Crossclaim Defendant | |

      Under Fed. R. Civ. P 26(f), the Local Rules of Practice, and the Order to Propose Schedule, Plaintiff and Counterclaim Defendant Eric Schiermeyer ("Plaintiff"); Defendant Wright Thurston; Defendant, Counterclaim Plaintiff and Crossclaim Plaintiff True North United Investments, LLC ("True North" and with Thurston "Defendants"), and Crossclaim Defendant

and Nominal Defendant Blockchain Game Partners, Inc. ("the Company"), (altogether "the Parties") propose the following discovery plan.

**1. PRELIMINARY MATTERS**

| | | | |
|---|---|---|---|
| a. | | Claims and Defenses: *(describe the nature and basis of claims and any affirmative defenses)*<br><br>This is a shareholder derivative lawsuit brought by Eric Schiermeyer, for the benefit of the Company, against Wright Thurston, a director of the Company, and his company True North United Investments, LLC (True North). Plaintiff alleges that Defendants stole more than 8.6 billion GALA tokens from the Company and sold more than $130 million worth of the stolen tokens for their own enrichment. Plaintiff alleges that Defendants breached fiduciary duties, converted company assets, committed fraud, were unjustly enriched, and that Thurston should be removed as a director of the Company.<br><br>Defendants deny Plaintiffs' allegations and assert various affirmative defenses.<br><br>True North asserts both derivative and direct counterclaims against Plaintiff, including for breach of contract, breach of fiduciary duty, corporate waste, unjust enrichment, conversion, tortious interference, and removal/appointment of corporate officers and custodian. True North contends that Plaintiff has mismanaged the Company, including by destroying more than $600 million worth of GALA belonging to shareholders and others, and has wrongfully directed the Company to turn off True North's Gala Nodes. True North also brings direct counterclaims against the Company for breach of contract and conversion<br><br>Motions to dismiss True North's counterclaims and crossclaims were filed on 12/20/2024. | |
| b. | | Fed. R. Civ. P. 26(f)(1) Conference: *(date the conference was held)* | *12/20/24* |
| c. | | Participants: *(include the name of the party and attorney, if applicable)*<br><br>For Plaintiff, Eric Schiermeyer: Paul W. Shakespear of Snell & Wilmer LLP and Abram I. Moore and Christian A. Zazzali of K&L Gates LLP<br><br>For Nominal and Crossclaim Defendant, Blockchain Game Partners, Inc.: Monica S. Call of Foley & Lardner LLP | |

|   |   |   |   |   |
|---|---|---|---|---|
|   |   | For Defendants/Counterclaimants, Wright Thurston True North United Investments, LLC: John W. Huber, Daniel J. Wadley, and Marc T. Rasich of Greenberg Traurig LLP |   |   |
| d. |   | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *(the parties have exchanged initial disclosures or will exchange no later than the date provided)* | *01/19/24* |   |
| e. |   | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission.<br><br>Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒ | No ☐ |

**2. PROTECTIVE ORDER**

|   |   |   |   |   |
|---|---|---|---|---|
| a. |   | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
| b. |   | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: *(describe the need for a protective order)*<br><br>The action will likely involve the production of sensitive financial information, including tax information, from all parties. The parties will use the court's Standard Protective Order. |   |   |
| c. |   | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court.<br><br>The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d): *(describe the process)* |   |   |

| | | |
|---|---|---|
| d. | | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: *(describe the process)* |

3. **DISCOVERY PLAN**

| | | | | |
|---|---|---|---|---|
| a. | | Discovery Plan: The parties agree to the following discovery plan.<br>• If the parties disagree, clearly indicate the disagreement in the space below: | Yes ☐ | No ☒ |
| b. | | Discovery Subjects: *(describe the subject areas in which discovery will be needed)*<br><br>**The parties disagree** about the subject areas in which discovery will be needed, and below set forth the subject areas each party proposes.<br><br>***Plaintiff's Proposed subject areas where discovery is needed include:***<br>• Tracing of the GALA tokens that Plaintiff alleges were stolen by Defendants, including the details of each transaction involving those tokens.<br>• True North's financial records, including its tax returns and records of its assets and cryptocurrency transactions.<br>• Wright Thurston's financial records, including his tax returns and records of his assets and cryptocurrency transactions.<br>• Operations of Defendants' other blockchain-related business entities.<br>• Defendants' sale of stolen Gala Nodes to Blox Lending or related entities, as alleged in the Complaint.<br>• Defendants' securities fraud as alleged by the Securities and Exchange Commission and alleged in the Complaint.<br>• Defendants' use of the Gala Games name to promote Defendants' other ventures.<br>• Defendants communications relating to the above.<br>• Agreements regarding cryptocurrency distribution and node licenses<br>• Damages | | |

***Crossclaim Defendant's Proposed subject areas where discovery is needed include:***

- Gala Games' Terms and Conditions.
- Thurston's conduct that led to suspension of Thurston's Gala Nodes.
- True North's allegation that Gala Games has breached the Terms and Conditions.
- True North's allegation that Gala Games burned billions of GALA tokens to which True North was entitled.
- Ownership of Thurston's Gala Nodes.
- Communications relating to the above.
- Damages.

***Defendants, Counterclaimant and Crossclaim Plaintiffs' Proposed subject areas where discovery is needed:***

- Tracing of GALA sold by Plaintiff or at Plaintiff's direction including the use of any proceeds thereof including without limitation all transfers to Jason Brink and the disposition thereof;
- Eric Schiermeyer's financial records including tax returns and records of his assets and cryptocurrency transactions
- Any and all businesses owned, partially owned or operated by Schiermeyer
- Gala Games' financial records including tax returns and records of its assets and cryptocurrency transactions
- The Founders Agreement
- Gala Games Terms and Conditions
- Gala Games' formation and corporate documentation and operation, together with any corporate records related thereto
- Any and all capital contributions to BGP
- All GALA distributions from January 2019 to present
- The alleged creation and operation of any alleged treasury wallet
- Any and all Gala accounts associated with or controlled by Eric Schiermeyer or anyone or company affiliated with Eric Schiermeyer
- All communications, including all board or shareholder approvals, related to the creation and operation of an alleged company treasury
- The creation and approval of any terms and conditions, approved by the Board, shareholders or node owners of Gala games including the identity of each node owner, if any, that voted to approve such a treasury or its terms and conditions

|   |   |   |
|---|---|---|
|   |   | <ul><li>Development of the Gala Games software development and business plans</li><li>Any and all agreements, business formations, that affect the Intellectual Property of BGP</li><li>Ownership of Nodes and all agreement related thereto</li><li>Licensing of Nodes and all agreements related thereto</li><li>Decisions, including any and all documentation, corporate records, and communications, relating to the upgrade of GALA v.1 to GALA v.2</li><li>Decisions, including any and all documentation, corporate records, and communications, surrounding the suspension of any Nodes (True North's Nodes or otherwise)</li><li>Decisions, including any and all documentation, corporate records, and communications, concerning the distribution of NFTs to Node owners</li><li>Any and all Gala Games NFTs</li><li>The acquisition of any real or person property, including airplanes and real estate by Gala Games and/or Eric Schiermeyer, or for his benefit, including the source of all funds for the acquisitions</li><li>Creation, formation, and ownership of Gala Music and Gala Film, including any and all documentation, corporate records, and communications relating to the formation, ownership, and operation of Gala Music and Gala Film</li><li>All assets of Gala Music and Gala Film, including the source of those assets</li><li>The source of funds for ongoing Gala Games business operations</li><li>Operation and decisions made by Gala Games executives, including any decisions made without board knowledge and approval related to the above</li><li>Communications related to the above including all communications, including legal opinion or recommendation with one or more of the directors, concerning any of the above</li><li>Damages</li><li>Any affirmative defenses raised by Counterclaim defendant or Crossclaim defendant</li></ul> |
| c. |   | <u>Discovery Phases</u>:<br><ul><li>Will discovery be conducted in phases? If so, please explain.</li></ul><br>There are three pending motions that may impact the scope and scheduling of discovery: (a) Plaintiff's motion to dismiss True North's counterclaims; (b) the Company's motion to compel arbitration or to dismiss True North's crossclaims; and (c) Defendants' motion for a preliminary injunction appointing a custodian of the Company. |

7

|   |   |   |
|---|---|---|
|   |   | All parties agree that discovery should be stayed until the Court rules on the pending motions to dismiss True North's counterclaims and crossclaims or until the Court provides further guidance at the January 9, 2024 Scheduling Conference.<br><br>- Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on any issue and the due dates.<br><br>Written discovery and document production regarding the tracing of the GALA tokens allegedly stolen by Defendants shall be completed by an interim deadline prior to the deadline for completion of the remaining fact discovery. |
| d. |   | Electronically Stored Information: (describe how the parties will handle discovery of electronically stored information)<br><br>The parties shall produce electronically stored information in native form wherever possible, including all metadata, as more specifically agreed-to by the parties. Electronically stored information should be produced with industry standard load files for electronic discovery software, unless otherwise agreed upon by the parties. |

4. **FACT DISCOVERY**

| a. | Fact Discovery Limitations— | | |
|---|---|---|---|
|   | 1. | Maximum number of depositions by Plaintiff: | *TBD* |
|   | 2. | Maximum number of depositions by Defendant: | *TBD* |
|   |    | Maximum number of depositions by Crossclaim Defendant: | *TBD* |
|   | 3. | Maximum number of hours for each deposition:<br>(*unless extended by agreement of parties*) | *TBD* |
|   | 4. | Maximum interrogatories by any party to any party: | *TBD* |
|   | 5. | Maximum requests for admissions by any party to any party: | *TBD* |
|   | 6. | Maximum requests for production by any party to any party: | *TBD* |
|   |   |   |   |
| b. | Other Fact Discovery Deadlines— | | |
|   | 1. | Deadline to serve written discovery: | *TBD* |

8

|   |     |                                                                                                   |     |
|---|-----|---------------------------------------------------------------------------------------------------|-----|
|   | 2.  | Deadline for fact discovery to close:                                                             | *TBD* |
|   | 3.  | Deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e): (*optional*) |     |

5. **AMENDING OF PLEADINGS AND JOINING OF PARTIES**[1]

| a. | Deadline to file a motion to amend pleadings— | | |
|----|-----------------------------------------------|---|---|
|    | 1. | Plaintiffs: | *TBD* |
|    | 2. | Defendants: | *TBD* |
|    |    |             |       |
| b. | Deadline to file a motion to join additional parties— | | |
|    | 1. | Plaintiffs: | *TBD* |
|    | 2. | Defendants: | *TBD* |

6. **EXPERT DISCOVERY**

| a. | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— | | |
|----|----------------------------------------------------------------|---|---|
|    | 1. | Parties bearing the burden of proof: | *TBD* |
|    | 2. | Parties not bearing the burden of proof: | *TBD* |
|    |    |                                          |       |
| b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— | | |
|    | 1. | Parties bearing the burden of proof: | *TBD* |
|    | 2. | Parties not bearing the burden of proof: | *TBD* |
|    | 3. | Rebuttal reports, if any: | *TBD* |
|    |    |                                          |       |
| c. | Deadline for expert discovery to close: | | *TBD* |

7. **OTHER DEADLINES AND TRIAL-RELATED INFORMATION**

| a. | | Deadline for filing dispositive or potentially dispositive motions: (*including a motion to exclude experts when expert testimony is required to resolve the motion*) | *TBD* | |
|----|---|---|---|---|
| b. | | Trial: | Bench ☒ | Jury ☐ |
| c. | | Trial days: | *15 days* | |

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

4856-0509-7880

DATED this 22nd day of December, 2023.

        SNELL & WILMER L.L.P.

/s/ Paul W. Shakespear
Paul W. Shakespear
Cameron Cutler
Natalie Beal

K&L GATES LLP
Abram I. Moore
Christian A. Zazzali

*Attorneys for Plaintiff Eric Schiermeyer*

GREENBERG TRAURIG LLP

/s/* Daniel J. Wadley
John W. Huber
Marc T. Rasich
Daniel J. Wadley
Alexander Baker

*Attorneys for Defendants Wright W. Thurston and True North United Investments, LLC*

*signed with permission via email

FOLEY & LARDNER LLP

/s/* Monica S. Call
David L. Mortensen
Monica S. Call

*Attorneys for Nominal Defendants Blockchain Game Partners, Inc. d/b/a Gala Games and d/b/a BGP Games*

*signed with permission via email

10