# EXHIBIT B

| | |
|---|---|
| **From:** | Moore, Abram |
| **To:** | Huber, John W. (Shld-SLC-LT) |
| **Cc:** | Baker, Alexander C. (Assoc-SLC-LT); bhawkins@blockadeunited.com; Moore, Desiree F. |
| **Subject:** | RE: Your proposal to continue the scheduled board meeting |
| **Date:** | Wednesday, June 21, 2023 9:03:23 PM |

John,

Before we can properly consider your proposal to arbitrate a factual dispute, we need to understand what that factual dispute is. As set forth below, (a) there are some facts that are not subject to disagreement, (b) Mr. Schiermeyer's position is clear; and (c) Mr. Thurston's position is not clear. Therefore, we do not presently know what an arbitrator would be asked to decide.

**Agreed Facts.** When a Founders Node generates tokens, a portion of the tokens is deposited into the wallet of the node owner. Those tokens are owned by the node owner. Another portion of tokens generated by a Founders Node is deposited into the Gala conservatorship/treasury. Prior to July 21, 2021, the division of the distribution was 25% to the node owners and 75% to Gala Games. After July 21, 2021, the division was 50/50 between the node owners and the Company.

**Mr. Schiermeyer's Position.** It is our position, and it has always been the position of the Company, that the tokens in the Company conservatorship/treasury are Company assets to be used for Company purposes (administration, ecosystem development, etc.).

**Mr. Thurston's Position.** Mr. Thurston's position, as set forth below "is that the Founders' Nodes and the tokens generated by them were owned originally by True North and Eric, and later a portion of each of True North's and Eric's nodes were provided to several others as part of the Sandbox Games purchase."

Is it Mr. Thurston's contention that the Company conservatorship/treasury never existed? Is it his contention that all of the tokens that were transferred to the Company conservatorship/treasury actually belonged to Mr. Thurston? Is it his contention that tokens generated by "Mr. Thurston's" Founders Nodes were not subject to the same distribution protocol that applied to all other nodes? Is it his contention that Mr. Thurston was entitled to take from the Company conservatorship/treasury a percentage of its holdings commensurate with True North's shareholding in the Company?

If you would like us to consider your proposal, please set forth Mr. Thurston's position with clarity so that we may understand the factual dispute we are being asked to arbitrate. In the meantime, we agree to adjourn the director's meeting for one more week.

Thanks,
Abe

**From:** John.Huber@gtlaw.com <John.Huber@gtlaw.com>
**Sent:** Wednesday, June 21, 2023 10:32 AM
**To:** Moore, Abram <abe.moore@klgates.com>
**Cc:** bakera@gtlaw.com; bhawkins@blockadeunited.com; Moore, Desiree F. <Desiree.Moore@klgates.com>
**Subject:** Re: Your proposal to continue the scheduled board meeting

Abe,

We received your recent counterproposal and are interested in continuing the conversation toward a conclusion that is as good as we can make it for all parties and the Gala

Community.

One particular factual issue is clearly viewed differently by each of our clients, and it is sufficiently significant that the difference makes resolving all other issues much more difficult.  The factual issue is the ownership and/or rights of or related to the Founders' Nodes as well as the tokens that have been mined by those nodes since the birth of BGP.  We would propose that the parties arbitrate that factual question.

Our client's position is that the Founders' Nodes and the tokens generated by them were owned originally by True North and Eric, and later a portion of each of True North's and Eric's nodes were provided to several others as part of the Sandbox Games purchase.  Our interpretation of your client's position has been at least that the tokens generated by the Founders' Nodes went into a treasury belonging to BGP, if not the nodes themselves.  Each side is confident of its understanding, but at least one side is wrong.  We would suggest that an arbitrator that has done no prior work for either party (or BGP) be mutually selected, with the matter put before them at the earliest time that can be reasonably achieved, and following the written conclusion by the arbitrator, the parties would proceed with their discussions related to True North stepping out of a shareholder position and Wright Thurston leaving the Board of Directors.

We would like to hear from you on this discrete and targeted proposal by noon tomorrow Utah time, at which point, we would either proceed to finalize the details of the aforementioned arbitration, or we would take your client's most recent counterproposal back up and respond to it.

I look forward to hearing from you.

**John W. Huber**

Greenberg Traurig, LLP
222 South Main Street | 17th Floor | Salt Lake City, Utah 84101
T +1 801.478.6915  |  C +1 801.750.5429
huberj@gtlaw.com  |  www.gtlaw.com   |  View GT Biography

On Jun 20, 2023, at 3:37 PM, Moore, Abram <abe.moore@klgates.com> wrote:

John,

Thanks for sending Mr. Thurston's settlement proposal.  Mr. Schiermeyer's counterproposal is below.

Nothing herein should be considered a legally binding offer, meaning that even if Mr. Thurston and True North were to accept the proposal below it would not create any legally-binding rights or obligations unless and until the parties reduced their agreement to a written settlement agreement signed by all interested parties. Any such final settlement agreement may include other terms (including potentially some of the

terms set forth in Mr. Thurston's proposal), but if the parties cannot agree to the core transactional terms it is our view that discussion of such other terms is premature.

1. **Payment by Mr. Thurston to the Company**. Based upon verifiable transactions on the blockchain, the Company will prepare an accounting of the proceeds Mr. Thurston received as a result of selling what the Company contends was the Company's GALA that Mr. Thurston transferred into wallets he controlled. The amount is presently estimated to be approximately $150 million.  Mr. Thurston will pay to the Company the amount of the proceeds as set forth in the Company's accounting.

2. **Transfer of True North's shares to the Company**. Mr. Thurston shall cause True North to transfer all of its shares in the Company back to the Company.

3. **Mr. Thurston resigns as a director of the Company.** Mr. Thurston will immediately resign as a director of the Company.

4. **Mr. Thurston indemnifies the Company**. Mr. Thurston will indemnify the Company for any liability and pay all costs of defense arising out of any lawsuit in which the Company is named arising out of Mr. Thurston's alleged conduct, including the Blox suit currently pending in Utah.

Based upon this counterproposal, please let us know if Mr. Thurston is interested in further discussions.  If not, then we suggest proceeding with the special meeting of the board of directors on Thursday.

Thanks,
Abe

---

**From:** Moore, Abram
**Sent:** Friday, June 16, 2023 4:30 PM
**To:** 'John.Huber@gtlaw.com' <John.Huber@gtlaw.com>
**Cc:** bakera@gtlaw.com; bhawkins@blockadeunited.com; Moore, Desiree F. <Desiree.Moore@klgates.com>
**Subject:** RE: Your proposal to continue the scheduled board meeting

John,

We have been discussing with our client, and can tell you that we expect to respond with a counterproposal instead of a simple rejection. We still intend to do so by Tuesday.

Thanks, and I hope you have a nice Fathers' Day as well.

Abe

---

**From:** John.Huber@gtlaw.com <John.Huber@gtlaw.com>
**Sent:** Friday, June 16, 2023 4:21 PM
**To:** Moore, Abram <abe.moore@klgates.com>
**Cc:** bakera@gtlaw.com; bhawkins@blockadeunited.com; Moore, Desiree F. <Desiree.Moore@klgates.com>
**Subject:** RE: Your proposal to continue the scheduled board meeting

Abe,

When we last talked on Wednesday, you indicated that we could expect a response to the True North proposal by next Tuesday, if not sooner. Are you in a better position now to provide a more detailed estimate for when you will provide a response?

Wishing you a happy Father's Day weekend,

John

---

**From:** Moore, Abram <abe.moore@klgates.com>
**Sent:** Wednesday, June 14, 2023 2:27 PM
**To:** Huber, John W. (Shld-SLC-LT) <John.Huber@gtlaw.com>; bwalker@gala.games
**Cc:** Baker, Alexander C. (Assoc-SLC-LT) <bakera@gtlaw.com>; bhawkins@blockadeunited.com; Moore, Desiree F. <Desiree.Moore@klgates.com>
**Subject:** RE: Your proposal to continue the scheduled board meeting

Blake,

Eric and Wright, via counsel, have agreed to again adjourn the special meeting of the board of directors for one week.  It is now scheduled for Thursday, June 22, 2023 at 12:00 p.m. ET.

Thanks,
Abe

---

**From:** John.Huber@gtlaw.com <John.Huber@gtlaw.com>
**Sent:** Thursday, June 8, 2023 10:24 AM
**To:** bwalker@gala.games
**Cc:** Moore, Abram <abe.moore@klgates.com>; bakera@gtlaw.com; bhawkins@blockadeunited.com; Moore, Desiree F. <Desiree.Moore@klgates.com>
**Subject:** RE: Your proposal to continue the scheduled board meeting

Good morning, Blake.

Eric and Wright, through their counsel, have agreed to adjourn today's meeting for one week to Thursday, June 15, 2023 @ 12:00 noon ET.

Please let us know if you have any further questions.

Sincerely,

**John W. Huber**

Greenberg Traurig, LLP
222 South Main Street | 17th Floor | Salt Lake City, Utah 84101
T +1 801.478.6915  |  C +1 801.750.5429
huberj@gtlaw.com   |   www.gtlaw.com   |   View GT Biography

<image001.png>

Albany. Amsterdam. Atlanta. Austin. Boston. Berlin*. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London*. Los Angeles. Mexico City*. Miami. Milan*. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. Salt Lake City. San Francisco. Seoul*. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv*. Tokyo*. Warsaw*. Washington, D.C. West Palm Beach. Westchester County.

*Berlin: Greenberg Traurig's Berlin Office is operated by Greenberg Traurig Germany, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP.; London: Operates as a separate UK registered legal entity; Mexico City: Operates as Greenberg Traurig, S.C.; Milan: Greenberg Traurig's Milan office is operated by Greenberg Traurig Santa Maria, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Seoul: Operated by Greenberg Traurig LLP Foreign Legal Consultant Office; Tel Aviv: A branch of Greenberg Traurig, P.A., Florida, USA; Tokyo: Greenberg Traurig's Tokyo Office is operated by GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubengoshi Jimusho, affiliates of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Warsaw: Operates as Greenberg Traurig Grzesiak SP.K.

---

**From:** Blake Walker <bwalker@gala.games>
**Sent:** Thursday, June 8, 2023 8:54 AM
**To:** Huber, John W. (Shld-SLC-LT) <John.Huber@gtlaw.com>
**Cc:** Moore, Abram <abe.moore@klgates.com>; Baker, Alexander C. (Assoc-SLC-LT) <bakera@gtlaw.com>; Brent Hawkins <bhawkins@blockadeunited.com>; Moore, Desiree F. <Desiree.Moore@klgates.com>
**Subject:** Re: Your proposal to continue the scheduled board meeting

**\*EXTERNAL TO GT\***

Hello John,

Will you be circulating a calendar invite for the special board meeting?

Best,
Blake Walker

On Jun 6, 2023, at 10:36 AM, Brent Hawkins <bhawkins@blockadeunited.com> wrote:

Hi Abe, thanks for the call yesterday. I think your email below is inconsistent with the totality of the conversation and an oversimplification of the issues. Among the items mentioned in your email we also discussed, albeit brief, several other issues, including, but not limited to, Mr. Schiermeyer unilaterally taking the following actions without board approval, authorization, or consent: Gala V1 to V2, burning of 600 mill Gala that belonged to shareholders, not following corporate bylaws, setting up companies and unilaterally putting himself as the largest or majority shareholder in contravention of the founders agreement and bylaws, cutting off Mr. Thurston from executive and accounting slack channels, telling other employees not to share things with Mr. Thurston. We also referenced the 15 May 2022 letter and the concerns contained in the letter (to which you stated you will respond to no later than Friday) and the general mistrust of Gala because of Mr. Schiermeyer's actions.

Unfortunately, we only had 30 minutes and were not able to dive into these items in details.

Brent Hawkins

**Brent Hawkins**
Attorney
**E.** bhawkins@blockadeunited.com

_____

<image003.png>

---

**From:** Moore, Abram <abe.moore@klgates.com>
**Sent:** Tuesday, June 6, 2023 8:36 AM
**To:** John.Huber@gtlaw.com
**Cc:** bwalker@gala.games; Brent Hawkins <bhawkins@blockadeunited.com>; bakera@gtlaw.com; Moore, Desiree F. <Desiree.Moore@klgates.com>
**Subject:** RE: Your proposal to continue the scheduled board meeting

John,

Thank you for your email and for the call yesterday.

In our call yesterday, we asked counsel for Mr. Thurston to explain the basis for characterizing his request for a special board meeting as "urgent." Mr. Hawkins provided three bases. First, he stated that the Company had not provided Mr. Thurston with access to "complete" financials. Based upon what Ms. Walker stated on the call it sounds like there is some question about the veracity of that statement, but she stated that Mr. Thurston should (and does) have access to the financials. Second, Mr. Hawkins stated that there was some concern about a distribution of nodes to employees. Ms. Walker stated that there had been no such distribution. Third, Mr. Hawkins expressed concern about private key decentralization. However, the private keys securing the Company wallets have already been decentralized. Thus, it was our expectation that the special meeting of the board of directors scheduled for this Thursday would be adjourned for one week.

Instead, we received your email below, in which Mr. Thurston makes various demands of Mr. Schiermeyer and the Company as conditions to adjourning the meeting. Given his serious misconduct, Mr. Thurston is in no position to be making demands. We will proceed with the June 8th special meeting of the board of directors, as noticed by Mr. Thurston, and expect that the first order of business will be a vote of the directors on the matters raised in Mr. Schiermeyer's demand sent this morning.

Best regards,

Abe


<image002.jpg>


**Abram Moore** | Partner
Practice Group Coordinator | Commercial Disputes
70 West Madison St.
Suite 3100
Chicago, Illinois 60602
Phone: 312.781.6010
Mobile: 312.375.8468
abe.moore@klgates.com

**From:** John.Huber@gtlaw.com <John.Huber@gtlaw.com>
**Sent:** Monday, June 5, 2023 6:46 PM
**To:** Moore, Abram <abe.moore@klgates.com>; Moore, Desiree F. <Desiree.Moore@klgates.com>
**Cc:** bwalker@gala.games; bhawkins@blockadeunited.com; bakera@gtlaw.com
**Subject:** Your proposal to continue the scheduled board meeting

Dear Abe and Desiree:

Thank you for taking time today to briefly discuss our concerns. At the conclusion of the call, you requested that the board meeting currently scheduled for Thursday, June 8, 2023, be continued for a short term so that you can complete a response to the letter from Brent Hawkins to Gala Games ("Gala") general counsel, Ms. Blake Walker, dated May 15, 2023. While we question why we are not receiving a response from the letter's addressee, the company, we appreciate your desire to answer fully our concerns and questions as outlined in the May 15, 2023 letter.

True North and Wright Thurston are willing to briefly continue the June 8, 2023 board meeting to Thursday, June 15, 2023 at 10:00 am MDT, with an affirmance or guarantee from your client, Eric Shiermeyer as president and a member of the board, of the following conditions:

1. You will provide your detailed reply to all of the concerns in the May 15 letter on or before Friday, June 9, 2023 at 4:00 pm MDT.
2. No nodes will be transferred, reallocated or turned off in the interim (including no employee distribution of nodes) until the rescheduled board meeting on June 15, 2023 (the "interim").
3. Gala and Mr. Shiermeyer will not undertake any material actions without board approval, as contemplated by BGP founding documents during the interim.
4. The June 15, 2023 board meeting will not be further rescheduled and Mr. Shiermeyer will attend and actively participate in that meeting, as well as the general counsel, Ms. Walker.
5. Gala and Mr. Shiermeyer will immediately authorize and enable Mr. Thurston full and complete access to accounting and all other corporate records as should be accessible to a co-founder and director, and will not interfere or restrict with such access while he serves as director.
6. Gala and Mr. Shiermeyer will not engage in further Gala IP transfers in the interim.

As we move forward in resolving the issues, we strongly recommend that Gala engage a third party, such as a reputable law firm like Jones Day, to review corporate practices, including what we have brought to Gala's attention. Such a fulsome review could also consider Mr. Shiermeyer's concerns regarding Mr. Thurston that you raised during our call today. Finally, we request that Gala or Mr. Shiermeyer provide us with the following records by June 14, 2023 at 5:00 pm MDT: any and all records authorizing the actions you described in our call in regards to distributing keys to five Gala employees, as well as the node distribution plan that Ms. Walker reported on our call that is under review.

Sincerely,

**John W. Huber**

Greenberg Traurig, LLP
222 South Main Street | 17th Floor | Salt Lake City, Utah 84101
T +1 801.478.6915  |  C +1 801.750.5429
huberj@gtlaw.com   |   www.gtlaw.com   |   View GT Biography

<image002.png>

Albany. Amsterdam. Atlanta. Austin. Boston. Berlin*. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London*. Los Angeles. Mexico City*. Miami. Milan*. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. Salt Lake City. San Francisco. Seoul*. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv*. Tokyo*. Warsaw*. Washington, D.C. West Palm Beach. Westchester County.

*Berlin: Greenberg Traurig's Berlin Office is operated by Greenberg Traurig Germany, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP.; London: Operates as a separate UK registered legal entity; Mexico City: Operates as Greenberg Traurig, S.C.; Milan: Greenberg Traurig's Milan office is operated by Greenberg Traurig Santa Maria, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Seoul: Operated by Greenberg Traurig LLP Foreign Legal Consultant Office; Tel Aviv: A branch of Greenberg Traurig, P.A., Florida, USA; Tokyo: Greenberg Traurig's Tokyo Office is operated by GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubengoshi Jimusho, affiliates of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Warsaw: Operates as Greenberg Traurig Grzesiak SP.K.

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Abe.Moore@klgates.com.

*This email is intended only for the individual or entity to which it is addressed and may contain information that is confidential, privileged, and exempt from disclosure under applicable law. If you are not the intended recipient, please notify the sender immediately and delete this email from your system. Any unauthorized use, disclosure, copying, or distribution of this email or its contents is strictly prohibited.*

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be

privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Abe.Moore@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Abe.Moore@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Abe.Moore@klgates.com.