# EXHIBIT C

| | |
|---|---|
| **From:** | Moore, Abram |
| **To:** | Huber, John W. (Shld-SLC-LT) |
| **Cc:** | Baker, Alexander C. (Assoc-SLC-LT); bhawkins@blockadeunited.com; Moore, Desiree F.; Histed, Clifford |
| **Subject:** | RE: Your proposal to continue the scheduled board meeting |
| **Date:** | Thursday, July 6, 2023 9:35:13 AM |

John,

Thank you for the information below, which we are investigating. I think that this dialogue is advancing the ball. In order to assist us in evaluating the parties' contentions, can you please provide the following information?

- True North's 2021 tax return;

- The "Decentralization memo provided by Wright Thurston," which is cited as providing the factual basis for the draft Howey Memo attached to your email.

As for the special meeting of the Board of Director, can we agree to postpone to July 18th?

Thanks,
Abe

---

**From:** John.Huber@gtlaw.com <John.Huber@gtlaw.com>
**Sent:** Thursday, June 29, 2023 7:55 PM
**To:** Moore, Abram <abe.moore@klgates.com>
**Cc:** bakera@gtlaw.com; bhawkins@blockadeunited.com; Moore, Desiree F. <Desiree.Moore@klgates.com>
**Subject:** Re: Your proposal to continue the scheduled board meeting

Dear Abe:

We continue to propose confidential arbitration on certain discreet issues related to whether there was a company treasury of Gala tokens or not. We agree that defining the issues in dispute will better facilitate a determination of whether arbitration would be worthwhile.

It is Mr. Thurston's position that there was never a company treasury of Gala tokens. In support of this position, we provide these points of perspective:

1. Contrary to your statement below regarding the allocation of tokens, all tokens generated by Gala Founders' Nodes (or attributed to them) are the property of the node owner. Rewards (tokens and NFTs) generated by or attributed to the Founders' Nodes can be distributed to any wallet chosen by the node owner. The choice of wallet they are distributed to does not change or determine legal ownership of the rewards.

2. True North and Mr. Schiermeyer each own 7,000 Gala Founders Nodes and have owned them from the founding of BGP. These nodes were purchased with infusions of capital, contributions of labor, and intellectual property. All rewards (tokens and NFTs) earned by or attributed to these nodes are independently owned by True North and Mr. Schiermeyer

  respectively. Ownership of these nodes and rewards vested immediately to both True North and Mr. Schiermeyer.

3. In the beginning, Gala's technology and gaming ecosystem was under development and did not support the original idea of True North and Eric Schiermeyer running tens of thousands of individual Founders Nodes while the community was still growing. This led to the 75/25% split of blockchain distributions between the Founders (True North and Mr. Schiermeyer collectively) and the community, and was supported by ongoing contributions of computing power and technological support to the company and community by True North and Mr. Schiermeyer.

4. The developing capabilities of the ecosystem is why neither True North nor Mr. Schiermeyer were running the full number of individual Founders nodes they owned until very recently. They both agreed to run dramatically reduced numbers of individual Founders Nodes, or none at all, because they were still supporting the ecosystem technologically and receiving their portion of the Blockchain's rewards through this split.

5. There is no company treasury, nor has there ever been one. BGP, as a corporation, has never owned or operated nodes and has not earned any rewards from the Gala Blockchain, pursuant to legal advice provided to the Company. There has never been any agreement of the Board of Directors regarding BGP earning rewards from the Blockchain and no formal or informal board resolutions approving BGP to own nodes, earn rewards, establish a conservatorship or take possession of personal property of True North, Mr. Schiermeyer or any other Gala users or node owners. The assertion that BGP had some form of treasury is inconsistent with BGP's own business and accounting records.

6. BGP engaged the law firm of Murphy & McGonigle in early 2021 to provide a Howey analysis regarding BGP's operations and the Gala blockchain (the "Howey memo"). The Howey memo is unambiguous in setting out the fact that BGP "**does not operate any nodes, it does not own any Gala or Gala NFT's**, and it does not exercise voting control [over the blockchain]." It further confirms that Mr. Schiermeyer and True North "purchased thousands of node licenses . . . and have, over time, **accrued a large amount of Gala and Gala NFTs in their roles as node operators** (not in their roles as founders of Gala Games)." In addition, the Howey memo provides that Mr. Schiermeyer and True North "paid Gala Games employees and independent contracts with GALA **they have earned** from running nodes." This cache is called the "Founders' Mining Cache" and it vested immediately to Mr. Schiermeyer and True North. These nodes, and the associated rewards, were never owned by BGP. The blockchain distribution never went to a treasury. In the event Mr. Schiermeyer has not provided you with a copy of the Howey memo, we are providing you with a copy, attached to this email.

7. BGP's own tax returns (prepared by PwC and signed by Mr. Schiermeyer as CEO) clearly and unequivocally show that BGP did not have a "company treasury." For example, for the 2021 tax year the returns shows exactly how much Gala the company held – "NONE." Either Mr. Schiermeyer as CEO has engaged in significant tax fraud by failing to report billions of dollars' worth of assets or, more likely, the alleged company treasury never existed. The tax forms prepared by PwC and signed by Mr. Schiermeyer correctly show that there was never a "company treasury." The tax returns in 2020 show the same. The Howey memo, tax returns, agreements between Mr. Schiermeyer and True North, and company practice are all consistent and clear – there was never a "company treasury."

8. As further evidence that these rewards were owned by Mr. Schiermeyer and True North

individually, and not the company, Mr. Schiermeyer and True North received their first distribution from the Founders Mining Cache on September 12, 2020.  They received a second distribution in February 2021 (along with the Sandbox shareholders who now were vested owners in BGP).  These transfers can be seen on the blockchain.

9. Mr. Schiermeyer and True North had every legal right to use these rewards, including moving, exchanging, or spending them as they saw fit.  And they both did.

10. Mr. Schiermeyer and True North did agree to set aside 2 billion Gala tokens, from their personally owned rewards, to be used for company purposes and community game development. This appears to have been referred to colloquially as a conservatorship or a Gala Games Development Fund at different points. This is the only transfer of Gala tokens from the Founders' Mining Cache that has ever been approved. This is consistent with the Gala Games website, past node votes and the blog post that you sent in your last communication.

There are many finer points, details, evidence and nuances we would be able to articulate during a more formal discussion of this matter, including the testimony of those that helped launch the company and the blockchain.  We appreciate your desire to clarify these issues. To the extent that Mr. Schiermeyer has a conflicting view of these facts, and to the extent he can point to any evidence to support his position, it is our view that mediation/arbitration would be helpful to sort through these disputed issues.  Moreover, efficiently, quickly, and privately resolving these disputed issues would certainly be in the best interests of BGP and the Gala community.

We also want to make it clear that True North's and Mr. Thurston's desire to exit the company was offered before Mr. Schiermeyer's unfounded allegations.  This is still the case, confirming that there is no hidden or secret agenda on Mr. Thurston's part, just a sincere desire to see the gala community thrive.

**John W. Huber**

Greenberg Traurig, LLP
222 South Main Street | 17th Floor | Salt Lake City, Utah 84101
T +1 801.478.6915  |  C +1 801.750.5429
[huberj@gtlaw.com](mailto:huberj@gtlaw.com)  |  [www.gtlaw.com](http://www.gtlaw.com)  |  View GT Biography

> On Jun 20, 2023, at 3:37 PM, Moore, Abram <abe.moore@klgates.com> wrote:
>
> John,
>
> Thanks for sending Mr. Thurston's settlement proposal.  Mr. Schiermeyer's counterproposal is below.
>
> Nothing herein should be considered a legally binding offer, meaning that even if Mr. Thurston and True North were to accept the proposal below it would not create any

legally-binding rights or obligations unless and until the parties reduced their agreement to a written settlement agreement signed by all interested parties. Any such final settlement agreement may include other terms (including potentially some of the terms set forth in Mr. Thurston's proposal), but if the parties cannot agree to the core transactional terms it is our view that discussion of such other terms is premature.

1. **Payment by Mr. Thurston to the Company**. Based upon verifiable transactions on the blockchain, the Company will prepare an accounting of the proceeds Mr. Thurston received as a result of selling what the Company contends was the Company's GALA that Mr. Thurston transferred into wallets he controlled. The amount is presently estimated to be approximately $150 million.  Mr. Thurston will pay to the Company the amount of the proceeds as set forth in the Company's accounting.

2. **Transfer of True North's shares to the Company**. Mr. Thurston shall cause True North to transfer all of its shares in the Company back to the Company.

3. **Mr. Thurston resigns as a director of the Company.** Mr. Thurston will immediately resign as a director of the Company.

4. **Mr. Thurston indemnifies the Company**. Mr. Thurston will indemnify the Company for any liability and pay all costs of defense arising out of any lawsuit in which the Company is named arising out of Mr. Thurston's alleged conduct, including the Blox suit currently pending in Utah.

Based upon this counterproposal, please let us know if Mr. Thurston is interested in further discussions.  If not, then we suggest proceeding with the special meeting of the board of directors on Thursday.

Thanks,
Abe

---

**From:** Moore, Abram
**Sent:** Friday, June 16, 2023 4:30 PM
**To:** 'John.Huber@gtlaw.com' <John.Huber@gtlaw.com>
**Cc:** bakera@gtlaw.com; bhawkins@blockadeunited.com; Moore, Desiree F. <Desiree.Moore@klgates.com>
**Subject:** RE: Your proposal to continue the scheduled board meeting

John,

We have been discussing with our client, and can tell you that we expect to respond with a counterproposal instead of a simple rejection. We still intend to do so by Tuesday.

Thanks, and I hope you have a nice Fathers' Day as well.

Abe

---

**From:** John.Huber@gtlaw.com <John.Huber@gtlaw.com>
**Sent:** Friday, June 16, 2023 4:21 PM
**To:** Moore, Abram <abe.moore@klgates.com>
**Cc:** bakera@gtlaw.com; bhawkins@blockadeunited.com; Moore, Desiree F. <Desiree.Moore@klgates.com>
**Subject:** RE: Your proposal to continue the scheduled board meeting

Abe,

When we last talked on Wednesday, you indicated that we could expect a response to the True North proposal by next Tuesday, if not sooner. Are you in a better position now to provide a more detailed estimate for when you will provide a response?

Wishing you a happy Father's Day weekend,

John

---

**From:** Moore, Abram <abe.moore@klgates.com>
**Sent:** Wednesday, June 14, 2023 2:27 PM
**To:** Huber, John W. (Shld-SLC-LT) <John.Huber@gtlaw.com>; bwalker@gala.games
**Cc:** Baker, Alexander C. (Assoc-SLC-LT) <bakera@gtlaw.com>; bhawkins@blockadeunited.com; Moore, Desiree F. <Desiree.Moore@klgates.com>
**Subject:** RE: Your proposal to continue the scheduled board meeting

Blake,

Eric and Wright, via counsel, have agreed to again adjourn the special meeting of the board of directors for one week.  It is now scheduled for Thursday, June 22, 2023 at 12:00 p.m. ET.

Thanks,
Abe

---

**From:** John.Huber@gtlaw.com <John.Huber@gtlaw.com>
**Sent:** Thursday, June 8, 2023 10:24 AM
**To:** bwalker@gala.games
**Cc:** Moore, Abram <abe.moore@klgates.com>; bakera@gtlaw.com; bhawkins@blockadeunited.com; Moore, Desiree F. <Desiree.Moore@klgates.com>
**Subject:** RE: Your proposal to continue the scheduled board meeting

Good morning, Blake.

Eric and Wright, through their counsel, have agreed to adjourn today's meeting for one week to Thursday, June 15, 2023 @ 12:00 noon ET.

Please let us know if you have any further questions.

Sincerely,

**John W. Huber**

Greenberg Traurig, LLP
222 South Main Street | 17th Floor | Salt Lake City, Utah 84101
T +1 801.478.6915  |  C +1 801.750.5429
[huberj@gtlaw.com](huberj@gtlaw.com)  |  [www.gtlaw.com](www.gtlaw.com)  |  [View GT Biography](View GT Biography)

<image001.png>

Albany. Amsterdam. Atlanta. Austin. Boston. Berlin*. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London*. Los Angeles. Mexico City*. Miami. Milan*. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. Salt Lake City. San Francisco. Seoul*. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv*. Tokyo*. Warsaw*. Washington, D.C. West Palm Beach. Westchester County.

*Berlin: Greenberg Traurig's Berlin Office is operated by Greenberg Traurig Germany, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP.; London: Operates as a separate UK registered legal entity; Mexico City: Operates as Greenberg Traurig, S.C.; Milan: Greenberg Traurig's Milan office is operated by Greenberg Traurig Santa Maria, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Seoul: Operated by Greenberg Traurig LLP Foreign Legal Consultant Office; Tel Aviv: A branch of Greenberg Traurig, P.A., Florida, USA; Tokyo: Greenberg Traurig's Tokyo Office is operated by GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubengoshi Jimusho, affiliates of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Warsaw: Operates as Greenberg Traurig Grzesiak SP.K.

---

**From:** Blake Walker <[bwalker@gala.games](bwalker@gala.games)>
**Sent:** Thursday, June 8, 2023 8:54 AM
**To:** Huber, John W. (Shld-SLC-LT) <[John.Huber@gtlaw.com](John.Huber@gtlaw.com)>
**Cc:** Moore, Abram <[abe.moore@klgates.com](abe.moore@klgates.com)>; Baker, Alexander C. (Assoc-SLC-LT) <[bakera@gtlaw.com](bakera@gtlaw.com)>; Brent Hawkins <[bhawkins@blockadeunited.com](bhawkins@blockadeunited.com)>; Moore, Desiree F. <[Desiree.Moore@klgates.com](Desiree.Moore@klgates.com)>
**Subject:** Re: Your proposal to continue the scheduled board meeting

**\*EXTERNAL TO GT\***

Hello John,

Will you be circulating a calendar invite for the special board meeting?

Best,
Blake Walker

> On Jun 6, 2023, at 10:36 AM, Brent Hawkins <bhawkins@blockadeunited.com> wrote:
>
> Hi Abe, thanks for the call yesterday. I think your email below is inconsistent with the totality of the conversation and an oversimplification of the issues. Among the items mentioned in your email we also discussed, albeit brief, several other issues, including, but not limited to, Mr. Schiermeyer unilaterally taking the following actions without board approval, authorization, or consent: Gala V1 to V2, burning of 600 mill Gala that belonged to shareholders, not following corporate bylaws, setting up companies and unilaterally putting himself as the largest or majority shareholder in contravention of the founders agreement and bylaws, cutting off Mr. Thurston from executive and accounting slack channels, telling other employees not to share things with Mr. Thurston. We also referenced the 15 May 2022 letter and the concerns contained in the letter (to which you stated you will respond to no later than Friday) and the general mistrust of Gala because of Mr. Schiermeyer's actions.
>
> Unfortunately, we only had 30 minutes and were not able to dive into these items in details.
>
> Brent Hawkins
>
> **Brent Hawkins**
> Attorney
> **E.** bhawkins@blockadeunited.com
>
> _____
>
> <image003.png>
>
> ---
>
> **From:** Moore, Abram <abe.moore@klgates.com>
> **Sent:** Tuesday, June 6, 2023 8:36 AM
> **To:** John.Huber@gtlaw.com
> **Cc:** bwalker@gala.games; Brent Hawkins <bhawkins@blockadeunited.com>; bakera@gtlaw.com; Moore, Desiree F. <Desiree.Moore@klgates.com>

**Subject:** RE: Your proposal to continue the scheduled board meeting

John,

Thank you for your email and for the call yesterday.

In our call yesterday, we asked counsel for Mr. Thurston to explain the basis for characterizing his request for a special board meeting as "urgent." Mr. Hawkins provided three bases. First, he stated that the Company had not provided Mr. Thurston with access to "complete" financials. Based upon what Ms. Walker stated on the call it sounds like there is some question about the veracity of that statement, but she stated that Mr. Thurston should (and does) have access to the financials. Second, Mr. Hawkins stated that there was some concern about a distribution of nodes to employees. Ms. Walker stated that there had been no such distribution. Third, Mr. Hawkins expressed concern about private key decentralization. However, the private keys securing the Company wallets have already been decentralized. Thus, it was our expectation that the special meeting of the board of directors scheduled for this Thursday would be adjourned for one week.

Instead, we received your email below, in which Mr. Thurston makes various demands of Mr. Schiermeyer and the Company as conditions to adjourning the meeting. Given his serious misconduct, Mr. Thurston is in no position to be making demands. We will proceed with the June 8th special meeting of the board of directors, as noticed by Mr. Thurston, and expect that the first order of business will be a vote of the directors on the matters raised in Mr. Schiermeyer's demand sent this morning.

Best regards,

Abe

<image002.jpg>

**Abram Moore** | Partner
Practice Group Coordinator | Commercial Disputes
70 West Madison St.
Suite 3100
Chicago, Illinois 60602
Phone: 312.781.6010
Mobile: 312.375.8468
abe.moore@klgates.com

**From:** John.Huber@gtlaw.com <John.Huber@gtlaw.com>
**Sent:** Monday, June 5, 2023 6:46 PM
**To:** Moore, Abram <abe.moore@klgates.com>; Moore, Desiree F. <Desiree.Moore@klgates.com>
**Cc:** bwalker@gala.games; bhawkins@blockadeunited.com; bakera@gtlaw.com
**Subject:** Your proposal to continue the scheduled board meeting

Dear Abe and Desiree:

Thank you for taking time today to briefly discuss our concerns. At the conclusion of the call, you requested that the board meeting currently scheduled for Thursday, June 8, 2023, be continued for a short term so that you can complete a response to the letter from Brent Hawkins to Gala Games ("Gala") general counsel, Ms. Blake Walker, dated May 15, 2023. While we question why we are not receiving a response from the letter's addressee, the company, we appreciate your desire to answer fully our concerns and questions as outlined in the May 15, 2023 letter.

True North and Wright Thurston are willing to briefly continue the June 8, 2023 board meeting to Thursday, June 15, 2023 at 10:00 am MDT, with an affirmance or guarantee from your client, Eric Shiermeyer as president and a member of the board, of the following conditions:

1. You will provide your detailed reply to all of the concerns in the May 15 letter on or before Friday, June 9, 2023 at 4:00 pm MDT.
2. No nodes will be transferred, reallocated or turned off in the interim (including no employee distribution of nodes) until the rescheduled board meeting on June 15, 2023 (the "interim").
3. Gala and Mr. Shiermeyer will not undertake any material actions without board approval, as contemplated by BGP founding documents during the interim.
4. The June 15, 2023 board meeting will not be further rescheduled and Mr. Shiermeyer will attend and actively participate in that meeting, as well as the general counsel, Ms. Walker.
5. Gala and Mr. Shiermeyer will immediately authorize and enable Mr. Thurston full and complete access to accounting and all other corporate records as should be accessible to a co-founder and director, and will not interfere or restrict with such access while he

6. serves as director.
7. Gala and Mr. Shiermeyer will not engage in further Gala IP transfers in the interim.

As we move forward in resolving the issues, we strongly recommend that Gala engage a third party, such as a reputable law firm like Jones Day, to review corporate practices, including what we have brought to Gala's attention. Such a fulsome review could also consider Mr. Shiermeyer's concerns regarding Mr. Thurston that you raised during our call today. Finally, we request that Gala or Mr. Shiermeyer provide us with the following records by June 14, 2023 at 5:00 pm MDT: any and all records authorizing the actions you described in our call in regards to distributing keys to five Gala employees, as well as the node distribution plan that Ms. Walker reported on our call that is under review.

Sincerely,

**John W. Huber**

Greenberg Traurig, LLP
222 South Main Street | 17th Floor | Salt Lake City, Utah 84101
T +1 801.478.6915  |  C +1 801.750.5429
huberj@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

<image002.png>

Albany. Amsterdam. Atlanta. Austin. Boston. Berlin*. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London*. Los Angeles. Mexico City*. Miami. Milan*. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. Salt Lake City. San Francisco. Seoul*. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv*. Tokyo*. Warsaw*. Washington, D.C. West Palm Beach. Westchester County.

*Berlin: Greenberg Traurig's Berlin Office is operated by Greenberg Traurig Germany, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP.; London: Operates as a separate UK registered legal entity; Mexico City: Operates as Greenberg Traurig, S.C.; Milan: Greenberg Traurig's Milan office is operated by Greenberg Traurig Santa Maria, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Seoul: Operated by Greenberg Traurig LLP Foreign Legal Consultant Office; Tel Aviv: A branch of Greenberg Traurig, P.A., Florida, USA; Tokyo: Greenberg Traurig's Tokyo Office is operated by GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubengoshi Jimusho, affiliates of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Warsaw: Operates as Greenberg Traurig Grzesiak SP.K.

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Abe.Moore@klgates.com.

*This email is intended only for the individual or entity to which it is addressed and may contain information that is confidential,*

*privileged, and exempt from disclosure under applicable law. If you are not the intended recipient, please notify the sender immediately and delete this email from your system. Any unauthorized use, disclosure, copying, or distribution of this email or its contents is strictly prohibited.*

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Abe.Moore@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Abe.Moore@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Abe.Moore@klgates.com.