# Exhibit 3

# K&L GATES

October 13, 2023

**By E-mail**

John W. Huber
Greenberg Traurig, LLP
222 South Main Street, 17th Floor
Salt Lake City, UT 84101
huberj@gtlaw.com

Abram I. Moore
abe.moore@klgates.com

T +1 312 781 6010
F +1 312 827 8000

**Re:   Demand to Wright Thurston arising from his misconduct relating to Blockchain Game Partners, Inc.**

Dear Mr. Huber:

Two days ago, you asked whether we would agree to consolidate the lawsuit you filed captioned *True North United Investments, LLC v. Schiermeyer*, Case No. 2:23-cv-00590 (D. Utah) ("True North Action") with the lawsuit we filed, captioned *Schiermeyer v. Thurston*, Case No. 2:23-cv-00590 (D. Utah) ("Schiermeyer Action") and proceed with both cases before Judge Nielson. I informed you that I would respond this week.  Rather than extend the courtesy of waiting for a response, you filed a motion to consolidate yesterday. In normal circumstances, we would have no concern with consolidating the two actions. For the reasons set forth below, however, we strongly suggest that, rather than consolidating the cases and proceeding with the allegations in the Complaint in the True North Action, you dismiss the True North Action and re-file any viable and well-founded claims as counterclaims in the Schiermeyer Action.

As previously discussed and as set forth more fully below, as of now, numerous allegations asserted by counsel are wholly lacking in evidentiary support.  While some allegations are simply wrong or are mischaracterizations of actual events, these will be disproven in the normal course of litigation—for avoidance of any doubt, these are not the subject of this letter.  Rather, for numerous other factual allegations, any reasonable investigation by counsel would have shown that the allegations are without basis and lack any evidentiary support. The purpose of this letter is to make an informal attempt to address the latter type of allegations short of beginning the process of bringing them to the Court's attention.

By way of background, as you know, Eric has repeatedly demanded that Thurston return billions of GALA tokens that he stole from Blockchain Game Partners, Inc. (the "Company" or "Gala Games").  And, as Thurston began pocketing tens of millions of dollars from selling the stolen GALA, Eric demanded that Thurston transfer the proceeds back to the Company. Ultimately, Thurston enriched himself by $130 million from selling stolen GALA. Only after

Thurston engaged in this conduct and after Eric demanded return of the stolen tokens and proceeds did Wright ever raise concerns about *any of the purported matters* alleged in the Complaint in the True North Action.  In short, the Complaint is a plain effort to deflect from Thurston's own intentional misconduct, a pattern we have observed in previous cases where Thurston has been accused of fraud.

Even putting aside the tenuous premise of the True North Action as a whole, on August 31, 2023, counsel for Thurston and Eric, including you and I, met in person in Chicago in an attempt to resolve the parties' disagreements before proceeding with litigation.  At that meeting, you raised certain matters that you indicated were concerning.  Some of these matters (e.g., issues related to real estate) were raised *for the first time* in that meeting.  Still, as you raised purported issues, we endeavored to get to the bottom of the concerns in good faith and in real time, in order to provide you with factual information that ultimately addressed or resolved these issues.

After the meeting, you filed the True North Action that same day.  Inexplicably, the True North Action contained many of the specific allegations that we discussed and resolved and/or for which a reasonable investigation by you would have shown that there is no evidentiary basis, including the following:

- Paragraph 36 includes the allegation that, after September 12, 2020, "all GALA and NFTs earned by True North and Schiermeyer would be stored in wallets controlled solely by Schiermeyer."  A reasonable investigation would include at least reviewing the Ethernet blockchain address for Thurston's private node wallet (0xB84B9c91357B0029658064989007A6654868c47F), mentioned in the previous paragraph of the Complaint, which conclusively shows that GALA earned by Thurston has continuously been transferred to and stored in this wallet.

- Paragraph 39 includes the allegation that Eric sold GALA from a Company wallet "for his personal benefit." ***This is the first time this issue has ever been raised***. Before filing the Complaint on August 31st, Thurston has never contended that Eric sold Company GALA for his personal benefit. We are aware of no conceivable evidentiary basis for this false allegation. Please identify the transactions forming the evidentiary basis for this allegation.

- Paragraph 41 includes the allegation that Eric "caused BGP to send millions of dollars of cryptocurrency to Jason Brink, BGP's President of Blockchain, for unapproved and unknown reasons." ***This is the first time this issue has ever been raised***.  Before filing the Complaint on August 31st, Thurston has never contended that cryptocurrency was wrongfully sent to Jason Brink.  Further, the reasons for these transfers are known: for a certain period, Brink's account was used to liquidate cryptocurrency for the Company's benefit and all proceeds were sent to the Company wallet. Indeed, the declaration of

2

Jennifer Miller that was submitted by Thurston himself aligns with this. The contention that these transfers were not for the benefit of the Company is without evidentiary basis.

- Paragraph 41 includes the allegation that Eric "caused BGP to distribute valuable NFTs to himself and select BGP employees, without board or shareholder approval. By design, those NFTs should have been randomly distributed to members of the Gala community." ***This is the first time this issue has ever been raised***. Before filing the Complaint on August 31st, Thurston has never contended that Eric wrongfully distributed NFTs. There is no evidentiary basis for the allegation that Eric took any NFT that should have gone to any other person. Please identify any such NFT that forms the basis for this allegation.

- Paragraph 43 incudes the allegation that, in connection with the GALA v2 implementation, Eric "directed BGP to deposit the replacement tokens to wallets controlled by Schiermeyer personally" instead of into the wallets controlled by Thurston. There is no evidentiary basis for this, as is evident from a reasonable investigation of the blockchain records. Please identify the transfers that form the evidentiary basis for this allegation.

- Similarly, Paragraph 50 includes the allegation that "while Schiermeyer burned off True North's Gala tokens (and Gala tokens belonging to other shareholders), Schiermeyer reserved some Gala v2 tokens for himself." ***This is the first time this issue has ever been raised***. Before filing the Complaint on August 31st, Thurston has never contended that Eric reserved GALA for his personal benefit as part of the v1 burn. There is no evidentiary basis for this false allegation. Please identify the wallet address in which you determined that Eric reserved such tokens for his own benefit.

- Paragraph 50 also includes the allegation that "Schiermeyer also granted himself sole control over company wallets receiving future v2 tokens and other digital assets." Thurston knows that the remaining treasury of Company GALA is held in a multi-sig wallet and therefore there is no evidentiary basis for this allegation. Please identify the Company wallets over which you determined, after a reasonable investigation, Eric granted himself sole control.

- Paragraph 51 includes the allegation that Schiermeyer used company funds to buy and rent real estate for personal use and transferred company assets into his own name (via entities that he created). This contention was raised for the first time in our August 31, 2023 meeting, at which time I informed you that any properties held by other entities were held for the exclusive benefit of the Company pursuant to Nominee Agreements. There is no evidentiary basis for any allegation that Eric used Company funds to purchase real estate for his own benefit.

- Paragraph 52 includes the allegation that Eric "directed an installment payment of $5m to be made to purchase a Gulfstream airplane in April 2023 for his personal use. This expenditure was not disclosed to or approved by the board, and contradicted the board's

3

vote to liquidate (not purchase) physical property." As you know, this is entirely false. It was Thurston who bound the Company to purchase this Gulfstream for his benefit and to make this installment payment. Please identify the evidentiary basis for your allegation to the contrary.

- Paragraph 59 alleges that Eric directed the creation of "a sales entity in Dubai" and installed himself as its largest shareholder. There is no such entity and no evidentiary basis for this false allegation. Please identify the entity that you determined was created and the basis for your allegation regarding Eric's shareholding in it.

- Paragraphs 59 and 60 also allege that Eric formed a Gala Music entity in Switzerland without authorization and "has or intends to transfer or use much of BGP's current business, tech platform, assets, and intellectual property to benefit the foreign legal entities." As you know, the board voted in January 2023 that this entity "will be created," as reflected in the board minutes. Thurston's attorney Brent Hawkins was copied on emails from the Company's general counsel to Swiss counsel stating that the "cap table [is] still subject to board approval" and, as you know, Swiss counsel has been instructed to dissolve this entity and no Company assets has been transferred to soon-to-be-dissolved entity. Please identify the evidentiary basis for your allegation to the contrary.

To be clear, we understand that there is no evidentiary support for the above-mentioned allegations; however, we invite you to rectify this understanding on or before October 20, 2023. If you are unable to, it is imperative that you correct these unsupported allegations immediately. Specifically, as stated above, we suggest that Thurston simply refile his claims in the Schiermeyer Action without these particular allegations, which will resolve any need to otherwise address them with the Court.

Mr. Schiermeyer expressly reserves any and all rights to seek additional damages against Mr. Thurston, including on behalf of the Company, and nothing in this letter is intended to waive or can be construed as waiving any such rights.

Very truly yours,

Abram Moore

cc: Brent Hawkins (bhawkins@blockadeunited.com)
Desiree Moore (desiree.moore@klgates.com)
Blake Walker (bwalker@gala.games)